### GRAY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1921.)

#### No. 3556.

1. **Internal revenue** ⊂⊃2—**Statutory provisions held repealed by Prohibition Act.**

Rev. St. §§ 3258, 3281 (Comp. St. §§ 5994, 6021), making it an offense to have an unregistered still or to carry on the business of distiller without giving bond or with intent to defraud the United States of the tax, so far as relates to stills for the manufacture of liquor for beverage purposes, *held* repealed by the National Prohibition Act Oct. 28, 1919.

2. **Criminal law** ⊂⊃1188—**Appellate court may remand for appropriate sentence.**

A trial court which did not impose specific sentence under certain counts of an indictment, but based its sentence on other counts as to which conviction is reversed, may be directed on remand by the appellate court to impose appropriate sentence on the good counts.

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against William J. Gray. Judgment of conviction, and defendant brings error. Affirmed in part, and reversed in part.

Edwin J. Lynch, of Toledo, Ohio, for plaintiff in error.
Berkeley W. Henderson, Asst. U. S. Atty., of Toledo, Ohio.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted on each of five counts of an indictment. By the first (under section 6, title 2, of the National Prohibition Act [Act Cong. Oct. 28, 1919, c. 85, 41 Stat. 305]) he was charged with manufacturing intoxicating liquor without permit therefor; by the second (under section 21, title 2, of that act), with maintaining a common nuisance, viz., a building where intoxicating liquors were manufactured contrary to the National Prohibition Act; by the third (under section 3258, Rev. Stat. [Comp. St. § 5994]), with having in his possession and custody and under his control a distilling apparatus without having registered the same; by the fourth (under section 3281, Rev. Stat. [Comp. St. § 6021]), with carrying on the business of a distiller without having given bond therefor; and by the fifth count, likewise under section 3281, with engaging in and carrying on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled. The offense under each count is charged to have been committed on April 21, 1920.

[1] Since the case came into this court, section 3281 has been held repealed by the National Prohibition Act (United States v. Yuginovich, June 1, 1921, 256 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——), at least in so far as applied to the distilling of spirits for beverage purposes. Under the proofs in the instant case, the distilling apparatus in question was necessarily treated as maintained for the manufacture of intoxicating liquor for beverage purposes. The same distillery was the subject of each of the five counts. In fact, the government concedes that the conviction as to the fourth and fifth counts must be set aside. Section 3258 was not involved in the Yuginovich Case. We are unable, however, satisfactorily to distinguish that section (which makes it an offense for any person to have in his possession or under his control any still or distilling apparatus set up which is not registered as required by that section) from those held in the Yuginovich Case to have been repealed, at least as applied to the distilling of spirits for beverage purposes, viz., section 3257 (section 5993), which makes it an offense to defraud or attempt to defraud the United States of a tax upon spirits distilled by one carrying on the business of a distillery; section 3279 (section 6019), which requires distillers to exhibit on the outside of their place of business a sign with the words "registered distillery"; section 3281, which makes it an offense to carry on the business of a distiller without having given bond, or to engage in such business with intent to defraud the United States of the tax on the spirits distilled; and section 3282 (section 6022), which forbids making a mash fit for distillation in any building not a distillery authorized by law.

In view of what has been said, the fact that section 9, title 3, of the National Prohibition Act, exempts industrial alcohol plants and bonded warehouses established under the provision of that title from the provisions of a large number of the old revenue sections (including 3258 and 3279) is not important.

In our opinion the conviction under section 3258 must likewise be set aside.

[2] Counts 1 and 2 present a different situation. The National Prohibition Act had taken effect prior to the commission of the alleged offense. Dillon v. Gloss, decided by the Supreme Court May 16, 1921, 256 U. S. — —, 41 Sup. Ct. 510, 65 L. Ed. — —. The sufficiency of these counts is not questioned. No exceptions were taken to the charge of the court. As to these counts, the only assignments of error open to consideration relate to the refusal to direct verdict and to the admission of certain testimony. We think there was sufficient evidence to sustain conviction under those counts, and no prejudicial error in the admission of evidence relating thereto is apparent. The denial of motion for new trial is not open to review. The conviction under the first and second counts is therefore sustained. The court below, however, after imposing separate sentences under the third, fourth and fifth counts respectively, did not impose specific sentences upon the conviction under the first and second counts, the judgment declaring that any sentence as to either of those counts "should be regarded as merged in the judgments already pronounced."

The conviction as to the third, fourth, and fifth counts is set aside, and the conviction under the first and second counts is affirmed, and the record remanded to the District Court with directions to enter appropriate judgment upon conviction under the first and second counts. Williams v. United States, 168 U. S. 382, 389, 18 Sup. Ct. 92, 42 L. Ed. 509; Wechsler v. United States (C. C. A. 2) 158 Fed. 579, 583, 86 C. C. A. 37; Johnson v. United States (C. C. A. 7) 215 Fed. 679, 687, 131 C. C. A. 613, L. R. A. 1915A, 862; Ulmer v. United States (C. C. A. 6) 219 Fed. 641, 647, 134 C. C. A. 127.