## UNITED STATES v. REMUS et al.

(District Court, S. D. Ohio, W. D.    April 25, 1922.)

No. 2142.

1. **Internal revenue** ☞2—**Provisions of law repealed by National Prohibition Act.**

Rev. St. § 3242 (Comp. St. § 5965), making it an offense to carry on the business of rectifier, wholesale liquor dealer, or retail liquor dealer without having paid the special tax therefor, was repealed by National Prohibition Act, tit. 2, § 35, so far as it relates to manufacturers or dealers in liquor for beverage purposes in violation of that act.

2. **Intoxicating liquors** ☞209, 215—**Indictment held not to charge offense of illegal manufacture or sale.**

Counts in an indictment charging merely that defendants carried on the business of wholesale liquor dealer, retail liquor dealer or rectifier without having paid the special tax are not sufficient to charge the offense of illegal sale or manufacture under National Prohibition Act.

Criminal prosecution by the United States against George Remus and others. On motion to quash and demurrer to indictment. Sustained as to certain counts.

Thomas H. Morrow, U. S. Atty., and R. T. Dickerson, Asst. U. S. Atty., both of Cincinnati, Ohio.

J. J. Kilgarriff, of Cincinnati, Ohio, and E. N. Zoline, of New York City, for defendants.

PECK, District Judge. On motion to quash and demurrer. The first count of the indictment charges a conspiracy by the defendants to violate the National Prohibition Act (41 Stat. 305) in specified ways, with averments of overt acts of transportation, possession, and sale of whisky for beverage purposes. The motion to quash and demurrer to this count have heretofore been overruled.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The other six counts proceed under section 3242, Revised Statutes (Comp. St. § 5965), and charge the carrying on of the business of a wholesale and of a retail liquor dealer and of a rectifier during two several years, without payment of the special tax provided for in section 3244, R. S. U. S. (Comp. St. § 5971). The motion to quash and demurrer raise the vexed question of the extent, if any, to which these statutes have been repealed or modified by the National Prohibition Act.

[1] Under section 3242 such dealings without the payment of the tax are punishable by fine of from $1,000 to $5,000 and imprisonment from six months to two years. The tax is payable annually July 1st, in advance. Under the National Prohibition Law and section 5 of the supplemental act of November 23, 1921 (42 Stat. p. 223, c. 134), such dealers are still subject to the tax, and as to permittees manufacturing or dealing in liquor for nonbeverage purposes it is thought that the penalties prescribed by section 3242 aforesaid, for failure to pay the annual taxes, may still be in force. But as to those who deal for beverage purposes—that is to say, illegally—it is provided by section 35 of title 2 of the National Prohibition Act that no taxes shall be received in advance, but that upon evidence of such illegal manufacture or sale a tax shall be assessed against and collected from the person responsible in double the amount provided by law at the time the National Prohibition Act took effect, with an additional penalty of $500 on retail dealers, and $1,000 on manufacturers. This provision was held by the Supreme Court in United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, June 1, 1921, to repeal section 3257, R. S. (Comp. St. § 5993), in the case of one who makes liquor for beverage purposes without paying the tax. See, also, Lewis v. United States, 280 Fed. 5 (C. C. A. 6), decided April 14, 1922; Ketchum v. United States (C. C. A.) 270 Fed. 416. Section 3257 denounces the nonpayment of the tax with intent to defraud by a distiller, and is in pari materia, with section 3242. There is no doubt that the effect of section 35 of title 2 of the National Prohibition Act is the same upon each. The result is that, while a permittee who deals in liquor for nonbeverage purposes without paying the annual tax may be subject to the penalties prescribed in section 3242, one who deals in liquor for beverage purposes is liable to the various penalties prescribed by the National Prohibition Act, but not to those of section 3242. Gray v. United States, 276 Fed. 395 (C. C. A. 6).

Section 3242, having thus been repealed as to dealers in liquor for beverage purposes, can only operate upon a restricted class, viz. dealers in nonbeverage liquors. The statute at best can now be read only to enact that every person who carries on the business of a liquor dealer for nonbeverage purposes (or, except for beverage purposes), without having paid the special tax as required by law, shall, for every such offense, be fined and imprisoned. Even if the restriction of the class so punishable be stated by way of exception, as in the alternative form above, nevertheless it is such an exception as goes to the very definition of the offense. 1 Wharton, Crim. Ev. § 288 et seq. Therefore, in order to prosecute under section 3242 for failure to pay the tax, it is necessary to bring the defendant within the now limited scope of the act by averring that he dealt in liquor for nonbeverage purposes.

[2] The government urges that the counts under consideration are sufficient to charge sale and manufacture contrary to the National Prohibition Act. They aver merely that defendants did carry on the business of a wholesale liquor dealer (retail liquor dealer, rectifier) during certain periods, without having paid the tax. In Farley v. United States (C. C. A.) 269 Fed. 721, relied on by the government, the court found in a similarly intended count sufficient language to charge a sale; but such is not the case here. The present language contains no specific charge of manufacture or sale, and is too general to be given effect as such.

The sixth and seventh counts, charging carrying on the business of a rectifier without having paid the special tax, should be especially mentioned. Rectification is nothing more than part of the process of manufacture, and is thus within the inhibition of the present law and the terms of section 35 aforesaid. These counts, therefore, are in no different situation than the others.

It is concluded that these counts are bad, because there is no averment that the business carried on was in liquor for nonbeverage purposes, to which business alone the penalties for failure to pay the tax prescribed by the old revenue laws apply. Of course, no such averment could have been made if it was intended to charge as substantive offenses by the last six counts the overt acts of the first, because those acts are laid as dealings in liquor for beverage purposes. Consequently the demurrer to these six counts must be sustained.