PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO LEBRÓN BERNES, Defendant and Appellant.

No. 5052. Argued January 11, 1934.—Decided April 27, 1934.

*Burset & Pérez Pimentel* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Pablo Lebrón Bernes was accused before the Municipal Court of Fajardo by Francisco Vélez Ortiz, District Chief of the Insular Police, of a violation of section 29 of the Internal Revenue Act No. 85 of 1925 (Session Laws, p. 584).

Upon being convicted by the municipal court, he appealed to the district court. There a trial *de novo* was set for June 9, 1932. The case was called and both parties stated that they were ready. The record shows that before any proof was taken, the following incident occurred:

"Attorney Burset: Your Honor, in this case we are going to interpose a demurrer, reserving the right to present it later in writing. We undertand that the crime with which the accused is charged, that of violating section 29 of Act No. 85 of 1925, or the Internal Revenue Act, does not constitute a public offense in Puerto Rico. We maintain that the charge does not constitute a public offense in Puerto Rico, because we think that section 29 of the Internal Revenue Act No. 85 of 1925, cannot be in force, since the federal law, the National Prohibition Act, punishes the possession of stills or apparatus for the manufacture of liquor . . .

"'(The prosecuting attorney argued in opposition to the demurrer presented by counsel for the defense.)

"Judge: The Court will decide the question contrary to the contentions of the defense, as it believes that that is not the correct theory . . .

"Attorney Burset: We respectfully take exception, and ask now that the property seized be returned, for the reason that it was wrongfully obtained, because the search warrant is defective in that it does

not describe in a clear and detailed manner, as required by law, the property which is to be searched, that is, the home of the accused which is not clearly described in the search warrant...

"Prosecuting Attorney:...the motion, in our opinion, is improper.

"Attorney Burset: The only evidence is the search warrant itself.

"Judge: The Court believes also that the motion comes too late, and that it is not necessary to continue losing time on this point. The Court has made up its mind that it ought to deny the motion as being tardy, now that the evidence is in the possession of The People, even though it may have been obtained under a defective search warrant, or in violation of any law, and the trial is about to begin. If the proceeding is not attacked for any other reason, the one advanced by the defense is not sufficient to order the return of the evidence seized.

"Attorney Burset: We take an exception. And now the defendant alleges that he was discharged by the Municipal Court of Fajardo, on February 16, 1932, upon the same facts after having been charged with a violation of the National Prohibition Act.

"Prosecuting Attorney: Evidence.

"Attorney Burset: We present in evidence a copy of the judgment of the Municipal Judge of Fajardo, authenticated by the Clerk of that Court, and a copy of the complaint filed by The People against Pablo Lebrón Bernes, for a violation of the National Prohibition Act. And we present this evidence in order to show that this defendant was discharged under these same facts.

"Prosecuting Attorney: With our opposition, Your Honor.

"Judge: For the purposes of the motion regarding former jeopardy the Court admits the evidence offered, and upon that evidence, it denies the motion, for the reason that the two transactions are distinct: that which appears in the complaint filed in the Municipal Court of Fajardo and the one set forth in the complaint now pending before this Court.

"Attorney Burset: We respectfully note an exception.

"Judge: Plea?

"Attorney Burset: The defendant is not guilty."

The court thereupon proceeded immediately to hear testimony, with the following results:

Francisco Vélez, District Chief I.P., the complaining witness, stated that he knew the defendant and on the thirtieth of October seized in his house the still which was before the

court; that he asked him if the still was his and if he had it registered with the Treasurer of Puerto Rico, and the defendant answered that it was his and that he did not have it registered. The still seized was suitable for distilling alcohol. He explained how it worked.

The defense agreed that an insular policeman who had appeared as a witness for The People would testify similarly as his chief.

The prosecuting attorney then introduced in evidence the still, composed of a receptacle, a rectifier, a rubber tube, and a coil. The defense objected. The court admitted it, and the defense took an exception.

At this point in the proceedings the defense presented a motion for a nonsuit, which was denied. The defense introduced no evidence, and the court rendered judgment finding the defendant guilty of a violation of section 29 of Act No. 85 of 1925, and sentenced him to thirty-five days' imprisonment in jail, with costs.

Thereupon the defendant appealed, and in his brief he has assigned six errors.

The first assignment refers to the nullity of the search warrant and the fifth to the admission in evidence of the still seized under that warrant. Both are closely related.

The *Fiscal* calls attention to the fact that the search warrant has not been incorporated in the record, and in that he is correct. The appellant has not, therefore, placed this court in a position to decide as to the alleged nullity.

Moreover, the question was raised at the trial after both parties had announced that they were ready, and it therefore came too late. In the case of *The People* v. *Cerecedo,* 21 P.R.R. 52, 56, this court said:

" 'The defense understands that the admission by the court of the account book and the letter book, although they were proved to belong to defendant Cerecedo, was an error prejudicial to the essential rights of the accused.'

"In discussing this error the appellant contends that the district court violated principles made sacred by the Fourth and Fifth Amendments to the Constitution of the United States of America. However, there is one circumstance which prevents this error from being even alleged and discussed in the present case.

"The books were seized by virtue of a certain search-warrant issued by the Municipal Judge of San Juan and the accused made no objection up to the time of the trial. That was not the proper time to make the objection and the district court, in admitting the papers which, as we have seen, referred to the crime charged, did not violate any constitutional principle, according to the following jurisprudence.

" 'Admitting that the lottery tickets and materials were illegally seized, still this is no legal objection to the admission of them in evidence. If the search-warrant were illegal, or if the officer serving the warrant exceeded his authority, the party on whose complaint the warrant issued or the officer, would be responsible for the wrong done; but this is no good reason for excluding the papers seized as evidence, if they were pertinent to the issue, as they unquestionably were. When papers are offered in evidence the court can take no notice of how they were obtained, whether lawfully or unlawfully; nor would they form a collateral issue to determine that question.' *Commonwealth* v. *Dana,* 2 Metcalf, 329; Wigmore on Evidence, sec. 2183; 35 Cyc., Searches and Seizures, 1271, 1272.

" 'The same point had been ruled in *People* v. *Adams,* 176 N. Y., 351, from which decision the case was brought to this court, where it was held that if the papers seized in addition to the policy slips were competent evidence in the case, as the court held they were, they were admissible in evidence at the trial, the court saying (p. 358) : "The underlying principle obviously is that the court, when engaged in trying a criminal cause, will not take notice of the manner in which witnesses have possessed themselves of papers, or other articles of personal property, which are material and properly offered in evidence." This doctrine thus laid down by the New York Court of Appeals and approved by this court, that a court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent testimony, has the sanction of so many state cases that it would be impracticable to cite or refer to them in detail. Many of them are collected in the note to *State* v. *Turner,* 136 Am. St. Rep. 129, 135, *et seq.* After citing numerous cases the editor says: "The underlying principle of all these decisions obviously is, that the court, when engaged in the trial of a criminal

action, will not take notice of the manner in which a witness has possessed himself of papers or other chattels, subjects of evidence; which are material and properly offered in evidence; *People* v. *Adams*, 176 N. Y., 351; 98 Am. St. Rep., 675; 68 N. E., 636 L.R.A., 406. Such an investigation is not involved necessarily in the litigation in chief, and to pursue it would be to halt in the orderly progress of a cause, and consider incidentally a question which has happened to cross the path of such litigation, and which is wholly independent thereof.'' ' *Weeks* v. *United States*, 232 U. S. 395.''

In his second assignment of error, the appellant raises the question of the demurrer. It is argued by the appellant, thus:

''The present case involves a complaint for a violation of section 29 of Act No. 85 of 1925, known as the Internal Revenue Act whereby the possession of a still without having the same registered in the office of the Treasurer of Puerto Rico is made a punishable offense. This section is the same as section 61 of the Internal Revenue Act of 1919.

''The defendant presented a demurrer upon the ground that the facts stated in the complaint do not constitute a public offense, because he understood that this section was repealed, or rather could not subsist, since the same facts were punishable under the Federal Prohibition Act. The demurrer was overruled, and the defendant took an exception thereto.

''Does our legislature have power to enact laws which are contrary to the federal laws or which are tacitly repealed by the latter? This question must undoubtedly be answered in the negative. The power of the Insular Legislature is limited by the power of the Congress of the United States.

''Before the enactment of the law known as the National Prohibition Act, there existed in the United States, and still exists, another law known as the Internal Revenue Act, and in its section VI, or section 3258 of the Revised Statutes of the United States, it was provided that any person having in his possession a still for the manufacture of liquor was bound to register the same in the office of the collector of internal revenue and his failure to do so would constitute a crime. As may be seen, this section 3258 of the Revised Statutes of the United States is analogous to the section contained in our Internal Revenue Act, the only difference being that in the former the obligation is to register the still with the collector of

internal revenue and in the latter to register it in the office of the Treasurer of Puerto Rico.

"And it may thus be seen that all those federal internal revenue laws regarding intoxicating liquors were repealed by the Prohibition Act, and we do not believe that the Insular Legislature would have greater power than the American Congress itself to legislate upon these matters. In support of our contention, we cite some of the decisions of the American courts upon this point:

" 'Rev. St. sec. 3258, 3281 (Comp. St. 5994, 6021), making it an offense to have an unregistered still or to carry on the business of distiller without giving bond or with the intent to defraud the United States of the tax, so far as relates to stills for the manufacture of liquor for beverage purposes, held repealed by the National Prohibition Act of October 28, 1919. *Gray* vs. *U. S.*, 276 F. 395.' "

If the insular law did not refer, as it does expressly, to stills suitable for "distilling alcohol for medicinal, industrial, scientific or sacramental purposes," the appellant would be right.

The very case of *Gray* vs. *U.S.*, 276 F. 395, upon which appellant relies, limits the repeal expressly to "stills for the manufacture of liquor for beverage purposes." The same limitation appears in the other cases cited.

It can well be understood why this should be so, since what the federal law sought to prohibit was the consumption of intoxicating liquors, without disturbing the use of alcohol, base of such liquors, for industrial, scientific, medicinal or sacramental purposes, the manufacture thereof for such purposes being legal, provided, of course, that there was compliance with the provisions of law upon the subject.

The third assignment of error is formulated thus:

"The District Court of Humacao erred in overruling the plea of the defendant of having been acquitted previously upon the same facts."

This assignment is without merit. The former acquittal relied upon was of an offense under the National Prohibition Act consisting in the possession of a gallon of rum, an intoxicating beverage, a distinct offense from the one charged in this case.

The fourth assignment of error is as follows:

"The District Court of Humacao erred in permitting the witness Francisco Vélez Ortiz to testify as an expert."

The error is nonexistent. We think that in view of the ability disclosed by his answers, the witness was competent to testify as to what a still was and how it worked.

By the sixth and last assignment it is maintained that the court erred in denying the motion for a nonsuit.

In arguing this point, the appellant in his brief says:

"In the present case it will be clearly seen from an examination of all the evidence introduced by The People that no showing has been made, whether partially or otherwise, regarding two of the most important elements in cases of this kind; that is, that the still is suitable for distilling alcohol for medicinal, sacramental or scientific purposes; and that said still was not registered in the office of the Treasurer of Puerto Rico."

In our opinion, both those elements were established by the evidence. It is sufficient to recall the testimony of the witness Vélez, to the effect that the still seized in the house of the defendant belonged to him; that he did not have it registered in the Treasury Department; and that it was suitable for distilling alcohol, which as such is susceptible of being used for industrial, scientific or medicinal purposes.

The judgment appealed from must be affirmed.