5008.  PINE BELT LUMBER COMPANY v. MORRISON & HARVEY.

1. Under the evidence introduced in behalf of the defendants, they were entitled to set off against the plaintiff's demand money paid by mistake, it appearing that the mistake could be corrected without injustice to the plaintiff.
2. The evidence authorized the verdict, and no error of law was committed.

DECIDED SEPTEMBER 17, 1913.

Complaint; from city court of Valdosta—Judge Cranford. May 17, 1913.

*W. D. Buie,* for plaintiff. *Whitaker & Dukes,* for defendants.

POTTLE, J. The Pine Belt Lumber Company sued Morrison & Harvey on an account for $182.43. The defendants admitted the indebtedness, but pleaded that by mistake they had paid the plaintiff $242.26, and prayed to recover the difference between the two amounts. The jury returned a verdict in favor of the defendants for $59.83. The plaintiff's motion for a new trial was overruled.

1. From the evidence it appears that the plaintiff sold a car of lumber to the Pannabaker Lumber Company, and by agreement drew on that company for $175, and the draft was paid. At that time the plaintiff was indebted to the Pannabaker Lumber Company, and this indebtedness and the draft made up the purchase-price of the car of lumber. The Pannabaker Lumber Company credited the plaintiff with the amount of the indebtedness, paid the draft, and directed that the lumber be shipped to designated persons. When the invoice for the lumber came in, the Pannabaker Lumber Company obtained a bill of lading drawn in favor of the persons to whom it directed that the shipment be made, and attached the bill of lading to a note payable to a bank for $242, and obtained from the bank the amount for which the lumber had been sold. After this transaction the Pannabaker Lumber Company, being in failing circumstances, desired to close out its business. It held several orders for lumber, besides the one from the plaintiff. Morrison & Harvey agreed to take over certain of these orders, pay the Pannabaker Lumber Company, and resell the lumber to the best advantage. They paid for the car sold by the plaintiff to the Pannabaker Lumber Company, by paying after maturity the note which that company had executed to the bank. When they took over the order on the plaintiff for the car of lumber, they credited the plaintiff on their books with the price of the car merely for convenience in keeping trace of the shipment, intending to charge it back when the bank was paid. During the absence of their bookkeeper, one of the defendants saw the account on the books and mailed the plaintiff a check for $242.66, by mistake, overlooking the fact that they owed the bank and not the plaintiff. A short time after the defendants bought the car of lumber from the Panna-

baker Lumber Company the plaintiff wrote to the defendants, requesting a remittance for a balance due by the Pannabaker Lumber Company. The defendants replied that they had nothing to do with the Pannabaker Lumber Company, and were not responsible for its accounts.

Under this evidence it is clear that the verdict in favor of the defendants was authorized. Money paid under a mistake of fact or in ignorance of facts may be recovered back, if the circumstances are such that the party receiving ought not in equity and good conscience to retain it. *Camp* v. *Phillips*, 49 *Ga.* 456. Certainly there is nothing in the evidence which would render it inequitable for the defendants to recover this money. The plaintiff has lost nothing by the payment of the money, and will be in no worse position after the mistake is corrected than it was before. One of the witnesses testified that if it had not been misled by the payment, the plaintiff might have collected its indebtedness from the Pannabaker Lumber Company. But, according to evidence which the jury had a right to believe, the Pannabaker Lumber Company did not owe the plaintiff any money at the time the defendants paid it the $242.66 by mistake. Besides, shortly after the sale of the lumber and before the mistake in payment was made, the defendants distinctly notified the plaintiff that they were not responsible for the debts of the Pannabaker Lumber Company. From their making the payment the plaintiff would have had a right to assume that the defendants had agreed to pay this particular debt, were it not for the fact that the plaintiff had already been paid for this car of lumber by the Pannabaker Lumber Company. At least the jury could so find. Under the evidence for the defendants, the plainest principles of justice would require that the money be paid back.

2. There was no error in admitting evidence tending to show that the Pannabaker Lumber Company was not indebted to the plaintiff, nor in the admission of testimony explanatory of the transactions between the defendants and the Pannabaker Lumber Company for the purpose of showing just what connection they had with that company and how the mistake came to be made. The instructions of the court covered the principles of law applicable to the recovery of money paid by mistake, both those pertinent to the plaintiff's contentions and those applicable to the contentions of the defendants. No error of law was committed.

*Judgment affirmed.*