25720. BUTLER *v.* RAGSDALE *et al.*

DECIDED NOVEMBER 19, 1936.

*Hay & Gainey, Little, Powell, Reid & Goldstein,* for plaintiff.
*James A. Branch, Thomas B. Branch Jr.,* for defendant.

SUTTON, J.   J. N. Butler brought suit against Butler-Lawhon-Weill Company, a partnership composed of C. N. Ragsdale, J. R. Lawhon, and Gus Weill, to recover $500 which he alleged he had deposited with the partnership on January 15, 1934, for the purpose of carrying on a trading account in the live-stock business. The enterprise was never conducted thereafter, and it was alleged that the defendant, on demand, had refused to make refund of the amount.   The defendant's answer admitted the deposit, but alleged that it was not indebted to the plaintiff, but that the plaintiff was indebted to it in the sum of $555 on open account before the receipt of such deposit, and that such amount of $555 should be set off against any amount that might be found to be due by it to the plaintiff.   The case was submitted to the court without the intervention of a jury.   The evidence, so far as need be stated, was as follows: The plaintiff had formerly bought mules for the defendant, and it was the custom of the defendant to pay for them by honoring drafts drawn by the plaintiff.   The amounts of the drafts were charged to the plaintiff on a "trading account," and

as the mules were sold the proceeds were credited to the account, less handling charges and commissions allowed to the defendant. On January 10, 1934, the plaintiff received from the defendant a check for $1044.38, which was the amount calculated to be due to him at that time on the trading account. There existed between the parties no previous dispute or controversy as to the amount due. The plaintiff testified that he really did not know how much was due him, being accustomed to trust the defendant and leave to it the matter of keeping proper records and accounts. On January 15, 1934, the plaintiff made a deposit of $500 with the defendant, for the purpose of another trading venture on the same basis as the former ones. In March, 1934, it was discovered by the defendant that through a mistake of its bookkeeper he had failed to charge the plaintiff $555 before the above-mentioned settlement, and therefore that he had been overpaid to that extent. On March 9, 1934, the defendant by letter informed the plaintiff of such error, and the plaintiff subsequently demanded the return of the deposit of $500 which had been made on January 15, 1934. This was refused on the ground that, as against it, the defendant was due from the plaintiff the $555 above mentioned. The evidence as to the $555 item was as follows: Certain mules were shipped from Atlanta to south Georgia for auction by one Blackburn, who also was interested in a trading account with the defendant. Included in the shipment were three mules involved in the trading account between the plaintiff and the defendant. The plaintiff, who attended the auction, purchased three mules which came from the inventory of the trading account between him and the defendant, and also purchased two which had been shipped by Blackburn. The bookkeeper of the defendant credited two of the mules to the Blackburn trading account in the sum of $280, credited three of the mules to the trading account of the plaintiff in the sum of $275, and made a charge entry so as to post therefrom or charge to the plaintiff's personal ledger account the total amount of $555. Through oversight the amount was not at that time posted to the plaintiff's personal account, and was not included in the charges against the plaintiff when the settlement referred to above was made with him. As testified by the bookkeeper, if the amount had been posted to the ledger, his net credit would have been $555 less than the amount for which he was paid, and there-

fore he was overpaid by such amount. It was further testified that the error was not detected until about two months later, when, on checking his books because of being out of balance, he discovered that the charge had not been made to the ledger. At the trial the plaintiff contended that the attempted set-off should not be allowed, because the defendant's trade-name had not been registered as required by law. On the question of registration or lack of registration the plaintiff introduced in evidence a certified copy of an affidavit filed by the members of the partnership in the office of the clerk of the superior court of Fulton County on October 10, 1935, for the purpose of complying with the Code, §§ 106-301 et seq.

The court rendered judgment in favor of the defendant. The plaintiff moved for a new trial on the general grounds, and on the special grounds: (a) That the set-off of $555 was improperly and illegally allowed against the plaintiff's claim, because the amount was not collectible, inasmuch as the evidence showed that at the time of the settlement on January 10, 1934, the trade-name of the partnership had not been registered as required by law. (b) That, as shown by the evidence, the defendant was estopped from setting up the charge of $555 against the plaintiff, because there had been a complete accord and satisfaction between the parties at the time of the settlement on January 10, 1934, and that all of the evidence in support of the charge of $555 was improperly and illegally admitted and considered.

■ Evidence that the members of the defendant partnership, on May 10, 1935, filed an affidavit in the office of the clerk of the superior court to register the partnership trade-name does not create a presumption of fact that such trade-name had not been previously registered. Presumptions of fact do not run backwards. 10 R. C. L. 873, § 15; 22 C. J. 93, § 30.

■ "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." Code, § 38-103. Under the evidence it does not appear that the partnership trade-name was not registered at the time the plaintiff was alleged to have been indebted to the defendant, which indebtedness the defendant sought to show

568

by way of set-off against the plaintiff's demand. The question whether the partnership trade-name had been registered was not raised by the pleadings, and therefore no burden rested on the defendant, as a condition precedent to rely on his set-off, to show that it had registered its trade-name as required by law.

■ "Generally an essential element to sustain an accord and satisfaction of an entire debt or disputed claim by the giving of a less sum of money than that claimed, and nothing more, is a bona fide dispute or controversy." *Burgamy* v. *Holton,* 165 *Ga.* 384 (3-*b*) (141 S. E. 42) ; *Phillips* v. *Lindsey,* 31 *Ga. App.* 479 (120 S. E. 923) ; *Gledhill* v. *Brown,* 44 *Ga. App.* 670 (3), 673 (162 S. E. 824). Under the evidence, no dispute or controversy was shown to exist between the parties at the time when the "settlement" was had between them on January 10, 1935, and the defendant was entitled to prove that the plaintiff had been overpaid a certain sum because of its mistake in not including in the account a charge for certain mules sold to, and not paid by, the plaintiff, before the date of such "settlement," and to recover such overpayment. *Camp* v. *Phillips,* 49 *Ga.* 455; *Branch* v. *Cooper,* 82 *Ga.* 512 (9 S. E. 1130) ; *Pine Bell Lumber Co.* v. *Morrison,* 13 *Ga. App.* 453 (79 S. E. 363) ; *Atlanta Telephone & Telegraph Co.* v. *Fain,* 16 *Ga. App.* 475 (85 S. E. 791) ; *Wilson* v. *Harris,* 40 *Ga. App.* 715 (151 S. E. 402).

■ Under the evidence the court was authorized to find that, as against the plaintiff's demand for the $500 deposit, the defendant was entitled to a set-off of $555, and did not err in rendering judgment for the defendant. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*