EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EPIFANIO RIVERA SOTO, acusado y apelante.

Núm. 7273.—*Sometido:* Febrero 17, 1939. *Resuelto:* Febrero 21, 1939.

El acusado compareció por escrito; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito de Guayama formuló acusación contra Epifanio Rivera Soto por infracción a la ley regulando la venta de armas de fuego, etc. (Ley núm. 14 de 1936 (2) pág. 129). Al describir el arma de fuego en la acusación, alegó innecesariamente (*Pueblo* v. *Avilés Quiñones,* ante pag. 272) que era un revólver cuyo cañón mide menos de quince pulgadas. Leída la acusación, el acusado no hizo reparos a la misma y alegó ser inocente. Se procedió a la celebración del juicio y por el mérito de la prueba la corte lo declaró culpable y le impuso la pena de seis meses de cárcel. Apeló el acusado para ante este tribunal y solicita la revocación de la sentencia, basado en el siguiente error que imputa a la corte sentenciadora:

"La Corte cometió error al dictar sentencia condenatoria contra el acusado teniendo como base una denuncia la cual, en la forma en que aparece redactada, es insuficiente para imputar y no imputa la comisión de delito alguno."

██ La sección primera de la ley que se alega infringida (Leyes de 1936, (2) pág. 129), al definir el revólver comprendido en sus disposiciones, prescribe que es aquél cuyo cañón mida hasta doce pulgadas de longitud.

El alegarse que la longitud del cañón es menor de quince pulgadas hace que la acusación sea ambigua, pues puede ser mayor de doce pulgadas y menor de quince, en cuyo caso la acusación no imputaría delito alguno. También podría ser menor de doce pulgadas, en cuyo caso sería necesariamente menor de quince, y entonces la acusación imputaría un delito y sería suficiente.

Por consiguiente, no procede contra la acusación, en la forma en que está redactada, la excepción perentoria de no constituir delito público los hechos denunciados. El remedio del acusado, era al leerse la acusación, solicitar de la corte que ordenase que ésta fuese más específica. No lo hizo y optó por entrar en juicio sin hacer reparos en la acusación, renunciando así (*waiving*) su derecho a que la acusación sea clara y libre de ambigüedad. Como se dice en el *syllabus* del caso de *El Pueblo* v. *Descartes,* 51 D.P.R. 649:

"Meras incertidumbres en las alegaciones de una acusación no pueden levantarse en·apelación cuando la acusación no ha sido excepcionada en la corte inferior."

*Por lo expuesto, procede .desestimar el recurso y confirmar la sentencia apelada.*