EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAIMUNDO DÍAZ OCASIO, acusado y apelante.

Núm. 7478.—*Sometido:* Noviembre 8, 1939. *Resuelto:* Noviembre 17, 1939.

---

[*] NOTA: Véase el prefacio.

630

*José L. Novas,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El aquí apelante excepcionó la acusación formuládale por una supuesta infracción del artículo 7 de la "Ley para reglamentar la venta de armas de fuego en Puerto Rico; ordenar la declaración de las mismas en cualquier forma que éstas fueren poseídas; prohibiendo la entrega de ellas a ciertas personas e imponiendo penas, y para otros fines," aprobada el 8 de julio, 1936 (Tercera Legislatura Extraordinaria, pág. 129). Se señala como error el haberse declarado sin lugar esta excepción.

En la acusación se le imputaba que en cierto barrio de Guaynabo, que está dentro del distrito judicial de Bayamón, el acusado, ilegal y voluntariamente tenía en su poder, sin declararlo por escrito al jefe de la policía de Guaynabo, un revólver sistema Smith. No se alegaba que el acusado residía en dicho pueblo.

Según el artículo 10 de esta ley las infracciones a las disposiciones de la misma son consideradas como delitos menos graves. El artículo 7 impone a toda persona que tenga en su poder, por cualquier concepto un arma de fuego, en la fecha en que entre en vigor la ley y a toda persona que obtenga el dominio o posesión de un arma de fuego, en cualquier forma, después de empezar a regir la ley "la obligación de declararlo así por escrito al jefe de la Policía Insular del distrito donde resida." La declaración

del arma se hará mediante un juramento hecho por duplicado. Esta declaración contendrá el nombre completo del deponente, su dirección, ocupación, color, y su firma o huellas digitales de sus pulgares, si no supiere firmar. También expondrá el calibre, clase, modelo y número de fábrica del arma de fuego. "Si el arma no tuviere número de fábrica, o éste apareciere ilegible, el poseedor hará grabar su nombre completo sobre el acero de la parte trasera del mango del arma, y así lo hará constar en su declaración."

El requisito de que la declaración se haga por escrito al jefe de la policía insular del distrito donde el poseedor del arma resida no es una disposición meramente permisiva para conveniencia del poseedor. Ese requisito queda explicado en parte por lo menos por el precepto ulterior referente a lo que la declaración jurada debe contener. Un fin que los dos requisitos tomados en conjunto hacen de por sí evidente lo es la absoluta identificación del declarante, así como la completa identificación del arma de fuego poseída por él. Además, los hechos necesarios para tal identificación debían hacerse constar al momento mismo de presentarse la declaración al jefe de la policía insular del distrito donde reside el poseedor del arma, y no indirectamente en su oportunidad luego de comunicar esos hechos al jefe de otro distrito y por éste al cuartel general de la policía en San Juan. La Asamblea Legislativa pudo o no haber tenido en mente la posibilidad de que si al poseedor de un arma de fuego se le obligaba meramente a radicar su declaración ante el jefe de la policía insular de cualquier distrito, a los varios fiscales en vez de exigírseles que alegaran y probaran que el acusado en determinado caso no había presentado su declaración a un solo jefe de la policía, podía exigírseles que alegaran y probaran que el acusado no había presentado su declaración a ninguno de los cincuenta o sesenta jefes de distrito.

El artículo 7 de la ley pudo haber sido redactado en distinta forma; mas su contexto—en tanto en cuanto se refiere a la cuestión que ahora está ante nos—es enteramente claro.

La alegación de que el poseedor de un arma de fuego reside en determinado pueblo o distrito policíaco no equivale a la negación de una excepción estatutaria. Es una alegación positiva. Los artículos 7 y 10 no definen un delito y crean una excepción. El requisito del artículo 7 es que el poseedor de un arma de fuego la declare al jefe de la policía del distrito donde resida. No se exige que la declare al jefe de la policía de cualquier otro distrito. El poseedor de un arma de fuego que se halle en determinado distrito, a menos que resida en ese distrito, no está en la obligación de presentar su declaración al jefe de la policía de ese distrito. El dejar de hacerlo no constituye delito alguno. La posesión voluntaria e ilegal de un arma de fuego dentro de los confines de un municipio o distrito policíaco, sin haberla declarado al jefe de la policía de tal distrito, no equivale a una infracción del artículo 7, a menos que el poseedor del arma resida dentro del distrito. La residencia es un elemento esencial del delito.

La alegación de que el acusado ilegal y voluntariamente, dentro de determinado distrito, tenía en su poder un arma de fuego sin haberla declarado por escrito al jefe de la policía insular local, no implica necesariamente que el acusado resida en ese municipio. Por tanto, la residencia debe alegarse y probarse por el fiscal, al igual que cualquier otro elemento esencial del delito.

La acusación no imputaba un delito público. La excepción perentoria debió haberse declarado con lugar.

La primera impresión del suscribiente en este recurso conforme ha sido arriba enunciada fué sometida al Tribunal conjuntamente con una opinión emitida por la Corte de Circuito de Apelaciones de los Estados Unidos para el Décimo Circuito, en el caso de *Crapo* v. *United States,* 100 F. (2d) 996, a que se le llamó la atención mientras se transcribía o traducía su memorándum. Se ordenó una nueva vista y se reargumentó y sometió de nuevo el recurso a la luz del caso de Crapo. Después de ulterior consideración no estamos en

condiciones de decir que la sentencia de la corte de distrito en el caso de autos deba ser confirmada .por la autoridad del caso de *Crapo* v. *United States.*

Si la acusación en este caso hubiera alegado que en determinado barrio de Guaynabo, que está dentro del distrito judicial de Bayamón, el acusado ilegal y voluntariamente tenía en su poder un revólver sistema Smith sin declararlo por escrito a ningún jefe de policía de la isla de Puerto Rico, podría muy bien decirse que se imputaba suficientemente un delito, no porque la residencia en determinado distrito ''sea meramente un hecho colateral que determina el sitio apropiado en que deberá hacerse la declaración,'' sino porque la posesión de un arma de fuego, sin haberla declarado en ningún distrito necesariamente incluye el haberla dejado de inscribir en el distrito en que reside el acusado. Sin embargo, cuando la acusación imputa la posesión del arma sin haberla declarado en un determinado distrito, debe exigirse del Pueblo que alegue y pruebe la residencia en ese distrito.

En el presente caso no había nada que demostrara que el acusado residía dentro del distrito policíaco de Guaynabo, a menos que la posesión del arma no declarada en dicho distrito sea suficiente para establecer tal residencia. Si la residencia en determinado distrito como elemento esencial de un delito estatutario pudiera establecerse mediante inferencia por la mera posesión en dicho distrito de un arma de fuego que no ha sido allí declarada, la presunción de inocencia quedaría hasta ese punto destruída en casos de esta índole.

*Debe revocarse la sentencia apelada.*