El Pueblo de Puerto Rico, demandante y apelado, *v.* Francisco Olmo Rodríguez, acusado y apelante.

Núms. 8022 y 8023.—*Sometidos:* Marzo 12, 1940. *Resueltos:* Marzo 27, 1940.

*Luis Mercader,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Estos dos recursos se vieron conjuntamente y serán estudiados en una sola opinión.

El primero de abril de 1938 el Fiscal del Distrito de Arecibo formuló acusaciones contra Francisco Olmo Rodríguez imputándole el hecho de la portación de un revólver, arma mortífera, el 9 de febrero de dicho año, en el barrio Santana del término municipal de Arecibo, en violación del artículo primero de la Ley Prohibiendo Portar Armas de 1924 (recurso número 8023) y el de no haber declarado dicha

arma por escrito al jefe de la Policía Insular de Arecibo, lugar de su residencia, dentro del término legal, dejando así de cumplir e infringiendo el artículo 7 de la Ley núm. 14 de 1936, según fué enmendada por la número 95 de 1937 (recurso número 8022).

Llamadas las causas para juicio el dos de mayo de 1939, dijo el abogado del acusado: "Tengo una moción para archivo del caso." Y el juez contestó: "La Corte considera tardía la moción." Agregando luego: "Hay una moción en los autos en que pidió el acusado una vez la suspensión y renunció a todos los derechos. Dos veces suspendido a petición del abogado. El motivo principal de no acceder a la moción del abogado es que este caso ha sido suspendido dos veces a petición del acusado, según consta de los autos."

Tomó excepción el acusado a la resolución de la corte y solicitó que se suspendiera la vista para "más oportunidad y más amplitud." La corte no accedió a la solicitud y el juicio fué celebrado.

El Pueblo por su Fiscal llamó a declarar a Antonio Monteserín, Jefe de Distrito de la Policía Insular y a Rufo Rosa González y Juan J. Pla, Policías Insulares.

Dijo el primero que llevaba el Registro de Armas de Fuego de acuerdo con la ley y que tenía con él el índice, asegurando que examinado el libro no se encuentra registrado el revólver ocupado en este caso marca Smith & Wesson, niquelado, calibre 38, con una cacha de pasta colorada y otra negra.

Rufo Rosa González manifestó que el nueve de febrero, 1938, el detective Santiago recibió una confidencia de que el acusado "portaba un arma por la carretera, por cierta discrepancia que había entre él y otra persona y fuimos con él y nos pusimos a velarlo . . . y el detective . . . le quitó el revólver, un revólver sistema Smith, cañón largo y con una cacha negra y otra colorada, y no estaba registrado."

La declaración del otro policía lo fué del mismo tenor.

El acusado no aportó evidencia, y la corte lo condenó a un mes de cárcel por el delito de portar armas y a seis por el de infracción a la ley sobre registro de armas de fuego.

Contra ambas sentencias apeló, señalando en su alegato cuatro errores cometidos a su juicio por la corte, al condenarlo basada en un estatuto inconstitucional—el de registro de armas—, al no decretar el archivo de las causas, al no suspender la vista de las mismas y al declararlo culpable de no tener registrada el arma sin alegarse en la acusación que el 9 de febrero fuera residente del distrito de Arecibo.

Como pudimos ver por la breve exposición que de la evidencia de cargo, única presentada, hicimos, quedó demostrado en el juicio que el acusado portaba un revólver y que ese revólver no estaba registrado. Sobre la suficiencia de la prueba no hay cuestión.

█ ¿Es la Ley núm. 14 de 1936 enmendada por la núm. 95 de 1937, inconstitucional?

La pregunta debe contestarse en la negativa de acuerdo con lo resuelto por esta propia corte en el caso del *Pueblo* v. *Avilés,* 54 D.P.R. 272.

En dicho caso se estudió y decidió la exacta cuestión que levanta en éste el acusado, como sigue:

"Pasemos ahora al segundo fundamento de inconstitucionalidad.

"El artículo 13 de la Ley núm. 14 de 1936 ((2) página 129) decía así:

" 'Art. 13. Por la presente se declara que esta ley es de carácter experimental y por tanto sus disposiciones estarán en vigor solamente por el período de dos años y un día a partir de la fecha en que entre en vigor.'

"La sección antes transcrita fué enmendada por la Ley número 95 de 1937 (Leyes de 1936–37, pág. 240) en el sentido de hacer la ley permanente. Sostiene el apelante que debió redactarse de nuevo toda la ley de 1936, cumpliendo así con lo prescrito en el párrafo 9 del artículo 34 de la Ley Orgánica, que dice así:

" 'Ninguna ley será restablecida o enmendada, ni se dará mayor alcance a sus disposiciones . . . . haciendo referencia a su título solamente, sino que toda la parte de ella que sea restablecida, en-

mendada, extendida, o conferida, será decretada nuevamente y publicada en su totalidad.'

"El objeto de esa cláusula constitucional es evitar confusiones, impidiendo que para conocer un artículo o sección de una ley haya que examinar dos o más tomos de leyes entre los cuales se halle fraccionado un determinado precepto legal. Por esa razón, interpretando esa cláusula se ha sostenido que es suficiente con que al enmendarse una ley, la disposición legal, tal y como ha sido enmendada, se transcriba literalmente en la ley enmendatoria. 59 Corpus Juris 880. Pero cuando, como en el presente caso, todos los artículos de la Ley de 1936, con excepción de los tres que fueron enmendados por la Ley núm. 95 de 1937, a saber, el 7, el 9 y el 13, no son alterados en forma alguna, ningún fin práctico se consigue transcribiendo de nuevo toda la ley, que aparece en el tomo de leyes de 1936, sesión extraordinaria.

"En el caso de *Houston & T. C. Ry. Co.* v. *State,* 39 S. W. 390, se suscitó una cuestión similar a la que ahora levanta el apelante.

"El Estado de Tejas hizo cierta concesión de tierras a la Houston & T. C. Ry. Co. por un período de diez años, y después de expirado dicho término se pasó una ley extendiéndolo a diez años más. En la ley enmendatoria no se transcribió la ley enmendada. Se alegó que la ley enmendatoria era inconstitucional por no cumplir con una cláusula constitucional del Estado de Tejas, igual a la que ahora invoca el apelante. La Corte Suprema de Tejas sostuvo la constitucionalidad de la ley."

■ Discutiendo la cuestión del sobreseimiento, dice el apelante en su alegato:

" . . . Contestamos al tribunal que según las constancias de los autos, la renuncia hecha por Mercado sin tomar el consenso de su cliente era contraria a la ley, porque es elemental que un letrado no puede renunciar derechos constitucionales básicos del denunciado sin el claro consentimiento de éste. El Lcdo. Mercado no tuvo ese asentimiento del acusado. Su renuncia era nula en absoluto, y no afectó los derechos de Olmo Rodríguez. 6 C. J. 638 y 624 S. 146; *Ronnifield* v. *Thorp,* 71 Fed. 924."

Es cierto que la jurisprudencia ha decidido que un cliente no queda obligado por el acto de su abogado cuando tal acto no fué autorizado en modo alguno y se realizó fuera del radio

de acción y del curso de su empleo. Pero la situación aquí es distinta. Nombrado el abogado defensor, la dirección del proceso le queda encomendada y la petición de suspensión de la vista con renuncia del derecho a un juicio rápido está dentro del círculo de sus atribuciones, debiendo presumirse que la petición se hizo para beneficio del acusado. Véase 7 Cal. Jur. 936, sec. 80, y 5 Am. Jur. 311, sec. 85.

Esto aceptando que la renuncia la hiciera el abogado, que lo que del récord surge es que fué hecha por el propio acusado.

Los autos no demuestran que el acusado al pedir por medio de su abogado la suspensión del último señalamiento del juicio alegara motivo justificado alguno. Pedir la suspensión para "más oportunidad y más amplitud" sin más, es usar palabras de sentido general sin concretarlas en su aplicación a causa determinada alguna. Sobre todo cuando se trata de acusaciones formuladas desde hacía más de un año y la propia parte que pidió la suspensión se acababa de quejar de la dilación en la celebración de los juicios. La corte actuó correctamente al negar la petición.

Tampoco erró la corte al condenar al acusado en la causa por violación de la ley sobre registro de armas de fuego, a base de la acusación formulada contra él por el fiscal.

Habiéndose consignado en dicha acusación lo que sigue: ". . . sin haber declarado dicha arma por escrito al Jefe de la Policía Insular de Arecibo, P. R., que es el distrito donde reside el acusado, . . ." quedaron cumplidas la ley y la jurisprudencia sobre el particular.

En tal virtud no habiéndose cometido ninguno de los errores señalados, *los recursos deben ser declarados sin lugar, confirmándose las sentencias apeladas.*