El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis Pérez Peña, acusado y apelante.

Núm. 8851.—*Sometido:* Noviembre 3, 1941. *Resuelto:* Noviembre 10, 1941.

*A. D. Marchand Paz,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Luis Pérez Peña fué acusado de poseer un arma de fuego sin registrar, contrario a lo dispuesto en el art. 7 de la ley núm. 14 de 1936. Se le imputó expresamente en la acusación que

". . . allá por el día 29 de febrero de 1940 y en la ciudad de San Juan . . . ilegal y voluntariamente tenía en su posesión y dominio, sin declararla por escrito al Jefe de la Policía de San Juan, P. R., que es el distrito donde reside el acusado, una pistola . . .''

La acusación se juró y firmó el 4 de abril, 1940. En junio 14 siguiente se llamó la causa para juicio y el acusado asistido de su abogado alegó ser inocente. Practicada la prueba, fué declarado culpable de la infracción que se le imputara y condenado a seis meses de cárcel sin costas.

Apeló y en su alegato señala un solo error, a saber: "que la acusación es insuficiente porque no alega la residencia del acusado."

En efecto, si no la alegara, tendríamos que resolver que lo asistía la razón, ya que la residencia del poseedor voluntario o ilegal de un arma no inscrita dentro del municipio o distrito policíaco en que la misma se posee, es un elemento

esencial del delito, según quedó decidido por esta propia Corte en *Pueblo* v. *Díaz,* 55 D.P.R. 629.

■■ Sabemos lo que en la acusación se alega, pero el apelante insiste en que no basta, porque según él lo único que quiere decir la acusación es que el acusado residía en San Juan el 4 de abril, 1940, cuando se formuló la acusación, y de ello no puede presumirse que residiera en San Juan el 29 de febrero, 1940, cuando la infracción fué cometida. Cita en su apoyo la regla expuesta en 20 Am. Jur. 208, en el sentido de que la presunción de la existencia continuada de una persona, de una relación personal o de un estado de cosas, es prospectiva, y no retroactiva.

Para decidir en justicia la cuestión suscitada, veamos cómo se planteó y resolvió en el juicio.

Llamado a declarar Salvador Díaz Virella, policía insular, después de haber manifestado que el 2 de febrero de 1940, como a las seis y media de la tarde, en el zaguán de la casa número 21 de la calle San José de San Juan, le ocupó al acusado la pistola admitida en evidencia, se le preguntó, "¿usted sabe dónde vive el acusado?" y ocurrió lo que sigue:

"DEFENSA: Me opongo y máxime cuando se ha resuelto por nuestro Tribunal Supremo, y S. S. conoce la doctrina de que para que una denuncia de esta naturaleza tenga los requisitos técnicos hay necesidad de que se alegue la residencia del acusado en el momento del acto delictivo, y en esta denuncia no se alega eso.

"FISCAL: Se alega el distrito donde reside el acusado.

"DEFENSA: Yo quiero anticiparle al compañero que nosotros no nos vamos a aprovechar de la parte técnica, porque tenemos fe en nuestro caso cuando declaren todos los testigos.

"SR. JUEZ: La corte entiende que lo que quiere decir la acusación es el distrito donde residía y cree que es permisible la pregunta.

"DEFENSA: Excepción.

"P.—¿En la fecha del suceso en qué pueblo vivía el acusado?

"DEFENSA: Objeción a los fines del récord.

"SR. JUEZ: Sin lugar la objeción.

"Defensa: Excepción.

"R.—Él me dió la residencia Calle Eduardo Conde, Seboruco, Santurce."

Si la actuación de la corte sentenciadora es correcta, cae por su base el error señalado, porque entonces no podría sostenerse que dejó de alegarse el requisito esencial de la residencia.

A nuestro juicio tal como está redactada la acusación, no puede sostenerse que no admita otra interpretación que no sea la de que la residencia que alega se refiere exclusivamente a la que tenía el acusado a la fecha en que el documento se presentó en la corte.

Sin recurrir a presunción alguna, atendidas todas las circunstancias que rodean el caso, creemos que la acusación es susceptible de ser interpretada como lo fué por la corte de distrito, esto es, en el sentido de que la residencia alegada se refería a la que tenía el acusado al infringir la ley y conservaba al presentarse la acusación.

Se trata, a lo sumo, de una acusación ambigua en el extremo de la residencia, siendo aplicable al caso la jurisprudencia establecida en el del *Pueblo* v. *Rivera*, 54 D.P.R. 363, 365, como sigue:

"Por consiguiente, no procede contra la acusación, en la forma en que está redactada, la excepción perentoria de no constituir delito público los hechos denunciados. El remedio del acusado, era al leerse la acusación, solicitar de la corte que ordenase que ésta fuese más específica. No lo hizo y optó por entrar en juicio sin hacer reparos en la acusación, renunciando así (*waiving*) su derecho a que la acusación sea clara y libre de ambigüedad. Como se dice en el *syllabus* del caso de *El Pueblo* v. *Descartes*, 51 D.P.R. 649:

" 'Meras incertidumbres en las alegaciones de una acusación no pueden levantarse en apelación cuando la acusación no ha sido excepcionada en la corte inferior.' "

No creemos que se cometiera error alguno. Ningún derecho sustancial del acusado fué violado. Se enteró a tiempo de la imputación tal como se le hacía. Si no era verdad que

residía en San Juan, tuvo una amplia oportunidad de demostrarlo. Su posición, puramente técnica y contraria a la realidad, no debe prevalecer. Véase el caso de *El Pueblo* v. *Olmo*, 56 D.P.R. 405, 409.

*Debe confirmarse la sentencia recurrida.*