El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Angel López Morales, acusado y apelante.

Núm. 9730.—*Sometido:* Febrero 17, 1943. *Resuelto:* Marzo 5, 1943.

E. *Pérez Casalduc,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Al acusado se le imputó una violación del artículo 7 de la Ley núm. 14, Leyes de Puerto Rico, 1936 (Tercera Sesión Extraordinaria) según fué enmendada por la Ley núm. 95, Leyes de Puerto Rico, 1937. La acusación sostiene que en el barrio Las Palmas, en Utuado, el acusado tenía ilegalmente en su posesión un revólver sin haber declarado por escrito el mismo al Jefe de la Policía de Utuado, sitio de su residencia al tiempo en que portaba el arma.

Este caso se vió con la misma evidencia presentada en otro caso contra el acusado por una violación de la ley prohibiendo la portación ilegal de armas. El acusado fué convicto en este caso y en apelación sostiene que la corte inferior erró al desestimar una moción de *non suit.*

El gobierno acepta que la prueba demostró que el acusado era un residente de Jayuya y no de Utuado. Pero que habiendo una admisión del acusado en el sentido de que no había registrado el arma ni en Utuado ni en Jayuya, el gobierno alega que esto es meramente una incongruencia entre la acusación y la prueba que no es fatal. La dificultad de esta alegación consiste en que la residencia es un elemento

esencial del delito. *Pueblo* v. *Díaz,* 55 D.P.R. 629; *Pueblo* v. *Pérez Peña,* 59 D.P.R. 449. ". . . . la residencia debe alegarse y probarse por el fiscal, al igual que cualquier otro elemento esencial del delito." *Pueblo* v. *Díaz,* 55 D.P.R. 629, 632. Habiéndose alegado la residencia en Utuado, la omisión de establecer la misma resultó en la ausencia de prueba sobre un elemento esencial del delito imputado.

*La sentencia de la corte de distrito será revocada.*

El Juez Asociado Sr. De Jesús no intervino.