THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GUILLERMO ALVARADO FELICIANO, Defendant and Appellant.

No. 10449. Argued May 1, 1944.—Decided May 16, 1944.

624

*Felipe Colón Díaz* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellant was convicted and sentenced to three months' imprisonment in jail for a violation of §7 of Act No. 14 of 1936, as amended. It was expressly alleged in the complaint that he carried a revolver without registering it with the Chief of the Police of Coamo "where the defendant was residing when said revolver was seized." He alleges in this appeal (1) that the evidence does not support the conviction, and (2) that defendant's residence at the time it is alleged that he carried the weapon was not proved.

The only evidence adduced at the trial was that for the prosecution. Even though there was no showing that the defendant had the revolver in his hands, the attendant circumstances are sufficient to conclude that he was carrying the same on a public highway. However, he was not accused in this case of carrying a weapon, but of failing to register it. We have held that as to this offense the residence of the defendant at the time the weapon is seized is an essential element which must be alleged and proved. *People* v. *Díaz,* 55 P.R.R. 611; *People* v. *Pérez,* 59 P.R.R. 451; *People* v. *López,* 61 P.R.R. 628.

In the case at bar it was alleged that the defendant resided in the Municipality of Coamo when the revolver was

seized. However, the only showing in the transcript of the evidence tending to prove the residence of the defendant is the question put by the Judge to a witness, thus: "Where does he live?" and the answer: "Ward of Santa Catalina of Coamo."

The *Fiscal* maintains in his brief that due to the fact that the defendant lives in Coamo at the time of the trial and that the father of the defendant, who delivered the revolver to the police, had registered it in his name in the town of Coamo, and that the original residence of the defendant is the same as his father, it should be presumed that the residence of the defendant at the time when the weapon was seized was Coamo.

There is nothing in the evidence to show that the defendant was a minor who lived with his father. The fact that at the time of the trial he lived in Coamo does not give rise to the presumption that at some prior time that was his residence. The presumption of the continued existence of a state of things is prospective and not retrospective. "Such a presumption never runs backwards; the law does not presume, from proof of the existence of present conditions or facts, that the same facts or conditions had existed for any length of time previously." 20 Am. Jur. 208; *Butler* v. *Ragsdale*, 188 S. E. 578.

Since an essential element of the offense charged, to wit, the residence of the defendant, has not been proved, the judgment appealed from must be reversed and the defendant acquitted.