El Pueblo de Puerto Rico, demandante y apelado, *v.* Guillermo Alvarado Feliciano, acusado y apelante.

Núm. 10449.—*Sometido:* Mayo 1, 1944.    *Resuelto:* Mayo 16, 1944.

*Felipe Colón Díaz,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelante fué convicto y sentenciado a cumplir tres meses de cárcel por una infracción del artículo 7 de la Ley núm. 14 de 1936, ((2) pág. 129) según enmendada. Expresamente se alegó en la acusación que él portaba un revólver sin haberlo declarado por escrito al Jefe de la Policía de Coamo "donde residía el acusado cuando dicho revólver le fué ocupado." En este recurso alega 1, que la prueba no sostiene la sentencia, y 2, que no se probó la residencia del acusado a la fecha en que se alega portaba el arma.

La única prueba presentada en el juicio fué la de cargo. Aun cuando no hubo prueba de que el acusado tuviera el revólver en sus manos las circunstancias concurrentes son suficientes para concluir que lo portaba en un camino público. Empero, él no estaba acusado en este caso de portar un arma, sino de no tenerla inscrita. Hemos resuelto que en cuanto a este delito la residencia del acusado a la fecha de la ocupación del arma es un elemento esencial que debe alegarse y probarse. *Pueblo* v. *Díaz,* 55 D.P.R. 629; *Pueblo* v. *Pérez Peña,* 59 D.P.R. 449; *Pueblo* v. *López,* 61 D.P.R. 464.

En el caso de autos se alegó que el acusado residía en la municipalidad de Coamo cuando el revólver le fué ocupado. Sin embargo, lo único que aparece en la transcripción de evidencia tendente a probar la residencia del acusado es la pregunta hecha por el juez a un testigo en esta forma: "¿Dónde vive él?", y la contestación: "Barrio Santa Catalina de Coamo."

Sostiene el fiscal en su alegato que el hecho de vivir en Coamo el acusado a la fecha del juicio y que el padre del acusado, que fué quien entregó el revólver a la policía, lo

tenía inscrito a su nombre en el pueblo de Coamo y que siendo la residencia original del acusado la misma de su padre, debe presumirse que la residencia del acusado a la fecha en que le fué ocupada el arma era en Coamo.

Nada hay en la prueba que demuestre que el acusado era un menor de edad que vivía en la casa de su padre. El hecho de que el día del juicio viviera en Coamo no levanta presunción alguna de que en alguna fecha anterior ésa era su residencia. La presunción de la existencia continuada de un estado de cosas es prospectiva y no retrospectiva. "Tal presunción nunca corre hacia atrás; la ley no presume, porque se pruebe la existencia de condiciones o hechos en el presente, que los mismos hechos o condiciones han existido durante cualquier tiempo antes." 20 Am. Jur. 208; *Butler v. Ragsdale,* 188 S.E. 578.

*No habiéndose probado el elemento esencial del delito imputado, la residencia del acusado, debe revocarse la sentencia apelada y absolverse al acusado.*