Núm. 7671.—PUEBLO, apldo. *v.* SANTIAGO, aplte.—C. D. San Juan. 

 Julio 5, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, los únicos señalamientos de errores son:

"1. La Corte de Distrito de San Juan erró al admitir el revólver como evidencia contra el acusado, sin que hubiese constancia en los autos de que el arma fué ocupada mediante orden de allanamiento.

"2. La Corte de Distrito de San Juan erró al declarar que cualquier prueba, no importa cómo se obtenga, aunque sea hurtada, aunque sea robada, es admisible como prueba."

POR CUANTO, durante el juicio ocurrió el siguiente incidente:

"Fiscal: Ofrezco en evidencia el arma.

"Defensa: Antes de que la corte la admita deseamos hacer algunas preguntas al testigo.

"Juez: Como no.

"Defensa:

"A. ¿Usted dice que ocupó esa arma dónde?

"T. En la residencia de este acusado.

"A. ¿Cómo ocupó usted esa arma en la residencia del acusado?

"T. La tenía en un ropero.

"A. ¿Pero cómo penetró usted en la casa?

"T. Mediante orden de allanamiento.

"A. ¿Quién expidió esa orden de allanamiento?

"T. La corte municipal.

"A. ¿O sea, el juez de la corte?

"T. Exactamente.

"A. ¿Usted dice que el juez municipal expidió una orden de allanamiento?

"T. Sí, señor.

"A. ¿Y esa orden de allanamiento, dónde está?

"T. Se entregó junto con el revólver.

"A. ¿Y basado en qué fué que el juez municipal expidió esa orden de allanamiento? ¿Basado en qué?

"T. En declaraciones hechas por detectives . . .

"A. ¿Cómo se hicieron esas declaraciones?

"T. Por escrito y juradas ante el juez.

"A. ¿Y a quién le entregaron ustedes esa orden de allanamiento?

"T. A la corte correspondiente.

"Defensa: Por nuestra parte, nada más.

''Señor Juez, vamos a.oponernos a la admisión de esta arma en evidencia porque no aparece del expediente a virtud de qué autoridad estos funcionarios penetraron a la casa del acusado y ocuparon esa arma, y no se acompaña ni la orden de allanamiento, que debe hacerse formar parte del legajo del caso, ni se acompañan las declaraciones en las cuales se basó el magistrado que expidió la orden de allanamiento para registrar la casa de nuestro representado.

''Juez: No, no. Aquí lo que estamos investigando ahora no es si el revólver fué ocupado bien o mal; si la policía ocupó bien o mal el revólver, o si se le debe devolver o no. Lo que estamos investigando ahora es si el acusado tenía un revólver sin inscribir.

''Defensa: Vamos a anotarnos una excepción a la resolución del tribunal porque entendemos que si bien la denuncia es por no tener . . . por tener un arma no inscrita, habiéndose ocupado esta arma en el domicilio del acusado, hay que cumplir con las formalidades de la ley que determinan que para registrar un domicilio de una persona hay que ir provisto de una orden de allanamiento y esta orden de allanamiento debe estar basada en, por lo menos, dos personas que den declaraciones escritas ante el magistrado. Se trata del domicilio donde vive este hombre con su mujer y sus hijos y hay que estar provisto del correspondiente mandamiento para penetrar allí, y después podrán venir las sanciones que la ley disponga. Eso es lo que nosotros entendemos y por consiguiente tomamos excepción de la resolución del tribunal.

''Juez: Es un principio rudimentario en ley que cualquier prueba, no importa cómo se obtenga, aunque sea hurtada, aunque sea robada, es admisible como prueba. El arma es admisible como prueba. Vamos a continuar.

''Fiscal: Está pendiente la admisión del revólver.''

''Juez: La corte lo admite.''

POR CUANTO, el presente caso, atendidas sus circunstancias especiales, se rige por los de *Pueblo* v. *Cerecedo,* 21 D.P.R. 56 y *Pueblo* v. *Lebrón,* 46 D.P.R. 588, y no por los de *Gouled* v. *Estados Unidos,* 255 U. S. 299 y *Amos* v. *Estados Unidos, Id.* 313.

POR TANTO, se confirma la sentencia que dictó la Corte de Distrito de San Juan en enero 10, 1939.

El Juez Asociado Sr. Travieso no intervino.