El Pueblo de Puerto Rico, demandante y apelado, *v.*
Federico Olmeda, acusado y apelante.

Núm. 7845.—*Sometido:* Noviembre 24, 1939.  *Resuelto:* Enero 12, 1940.

*Enrique Báez García,* abogado del apelante;  *R. A. Gómez, Fiscal,*
abogado de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del
tribunal.

Federico Olmeda fué juzgado y convicto en mayo 11, 1939,
del delito de homicidio involuntario a virtud de una acusa-
ción radicada el 27 de marzo, 1936.  Al serle leída la acusa-
ción el 10 de abril, 1936, él hizo la alegación de inocente, so-
licitó juicio por jurado, y pidió que el caso se señalara du-
rante el próximo término de causas criminales.  Algún tiempo
después se señaló para juicio el 16 de junio del referido año.
En junio 12 el acusado renunció al derecho que tenía a un
juicio rápido, mas hizo constar que no tenía intención alguna
de demorar innecesariamente la causa.  Expresó su disposi-
ción a entrar a juicio dentro de diez días o en el próximo
término de la corte y solicitó la posposición por diez días o
en su defecto hasta que el caso pudiera señalarse de nuevo.
La moción se basó en los siguientes motivos:

El acusado fué citado en junio 9 para que compareciera el 16
para juicio.  Residía en Mayagüez y sus abogados en San Juan.
Había remitido la citación el 10 de junio a sus abogados en San
Juan.  Éstos la recibieron el día 11 a las 4 de la tarde.  Ellos tra-
taron inmediatamente de comunicarse con el acusado pero sin éxito
alguno.  Uno de ellos fué a Mayagüez en la mañana del 12 con el
objeto de presentar la moción.

Los abogados del acusado no tuvieron tiempo suficiente para preparar su prueba, citar testigos e investigar ciertas cuestiones legales que el caso envolvía. Cuando recibieron la citación ya tenían compromisos previos para el lunes 15 de junio, lo que les hacía imposible preparar el caso debidamente para juicio o estar en Mayagüez para preparar su prueba.

El fiscal de distrito se allanó y el juez ordenó la suspensión del juicio sin señalar el caso de nuevo.

En marzo 2, 1937, el abogado del acusado radicó una moción para que se le citaran cuatro testigos, todos los cuales residían en Mayagüez. De la moción se desprende que el juicio había sido señalado para el siguiente día 3 de marzo.

Un asiento en las minutas del 2 de marzo revela que el juicio fué pospuesto a moción del fiscal, quien anunció otro término por jurado para los meses de marzo y abril. Entonces el secretario de la corte telegrafió a los abogados del acusado manifestándoles que el juez, a moción del fiscal, había suspendido el resto de los casos por jurado, incluyendo el del Pueblo v. Olmeda, hasta que los mismos fueran señalados de nuevo. En marzo 9 el acusado solicitó que el caso se señalara inmediatamente para juicio, protestó de la suspensión ordenada sin notificársele u oírsele y alegó que como resultado del accidente que dió origen al proceso había estado privado por largo tiempo de su placa y licencia de chófer y de los medios de ganarse la vida; y que se había preparado para juicio incurriendo en gastos, puesto que sus abogados residían en San Juan.

El juez ordenó que el caso fuese señalado para el próximo término de causas criminales.

De un asiento en las minutas de junio 29, 1937, se desprende que el juez, a moción del fiscal, basado en lo tarde de la hora, nuevamente pospuso el juicio hasta que se señalara el caso de nuevo.

De las minutas de febrero 9, 1938, aparece que el caso fué señalado una vez más para el 10 de febrero, y que el juez, a moción del fiscal, que padecía de una afección de la gar-

ganta, volvió a ordenar la suspensión del caso hasta nuevo señalamiento.

En agosto 27, 1938, el acusado, en una moción suscrita por él mismo, solicitó el archivo de la causa a tenor de las disposiciones del artículo 448 del Código de Enjuiciamiento Criminal. Adujo la mayoría de los hechos que anteceden, incluyendo la aseveración de que durante todo el tiempo transcurrido él se había visto privado de su placa y licencia y de los medios de ganarse la vida como chófer; y agregó que en todo momento durante los últimos dos años, dos meses y trece días, transcurridos desde la posposición solicitada por sus abogados, él había estado dispuesto a entrar a juicio; y que las varias suspensiones habían sido decretadas a instancias del fiscal y sin culpa alguna de su parte.

En 29 de agosto se señaló la moción del acusado para el 9 de septiembre. De los autos se desprende que el acusado y el fiscal fueron notificados del señalamiento. El acusado no compareció el 9 de septiembre, y la vista se pospuso a instancias del fiscal hasta que se señalara de nuevo la moción. De los autos aparece que el acusado fué notificado el 22 de septiembre. El 26 de enero, 1939, la moción fué otra vez señalada para el 28 del mismo mes. Fuera de la cláusula corriente en la orden al efecto de que ésta debía ser notificada, nada hay que demuestre que el acusado recibiera la notificación de la misma.

El acusado no compareció en la vista señalada para el 28 de enero, y la corte, a instancias del fiscal, declaró sin lugar la moción por haber dejado el acusado de comparecer.

En mayo 9, 1939, y en otra moción para que se archivara y sobreseyera la causa a base del artículo 448 del Código de Enjuiciamiento Criminal, el acusado nuevamente adujo los hechos que anteceden, notificando al fiscal de distrito con copia de su moción. Al ser llamado el caso para juicio el 11 de mayo, los letrados del acusado llamaron la atención de la corte hacia esta moción, y sometieron la misma. El juez, sin

esperar que el fiscal informara y sin que éste hiciera gestión alguna, prontamente declaró sin lugar la moción.

El único caso citado por el fiscal de esta corte en apoyo de su contención de que la sentencia de la corte de distrito debe ser confirmada, es el *Pueblo* v. *Ortiz*, 51 D.P.R. 379. La lectura de la opinión emitida por esta corte en dicho caso bastará para distinguirlo del presente.

En *Dyer* v. *Rossy*, 23 D.P.R. 772, 782, este tribunal, interpretando el artículo 448 del Código de Enjuiciamiento Criminal, dijo:

"De acuerdo con este artículo cuando no se demuestre justa causa, la corte está obligada perentoriamente a sobreseer la causa. Si no se demuestra justa causa creemos que la corte carece absolutamente de discreción. El derecho que tiene un hombre acusado de un delito a la celebración del juicio dentro del término de 120 días y el deber de la corte de sobreseer la causa a falta de tal juicio rápido son coextensivos. Cuando nada se demuestra la corte no tiene discreción para negarse a sobreseer la causa."

*Debe revocarse la sentencia apelada y sobreseerse el proceso.*