The People of Puerto Rico, Plaintiff and Appellee, *v.* Agustín Haddock, Defendant and Appellant.

No. 8466.    Argued January 24, 1941.—Decided January 28, 1941.

*José C. Aponte,* and *Ubaldo Aponte* for appellant. *George A. Mal-colm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Agustín Haddock was prosecuted, convicted, and sentenced to six months in jail for violating sections 1, 7, and 10 of Act No. 14 of 1936, as amended by Act No. 95 of 1937, ⅂ that he had in his possession a firearm or revolver without declaring or identifying the same in writing to the Chief of the Insular Police of the District of Guayama, which is the district where the defendant resides. In support of his appeal to this court he has assigned three errors committed, as he claims, by the trial court. We will discuss them briefly as in our judgment they are absolutely without merit.

1. The appellant complains of the admission by the lower court of a verbal statement by a policeman regarding the issuance of a search warrant.

The incident which gave rise to this assignment occurred as follows:

When the policeman Aponte was testifying that on October 27, 1939, he and two other policemen were provided with a warrant to search the house of Haddock, the defense objected on the ground that the warrant should be produced as it was the best evidence. The court answered that the witness was not testifying regarding the warrant, and the examination continued thus:

"DISTRICT ATTORNEY: After you were provided with that warrant, what did you do?

"A.—We arrived at the house of Agustín Haddock and searched the house.

"DEFENSE:

"We are going to object because this has been a search under a warrant and we are entitled to see the warrant, to investigate the legality of the warrant.

"DISTRICT ATTORNEY:

"If you think that the warrant was erroneously issued . . . .

"JUDGE:

" That is a question to be raised before the trial.

"DEFENSE:

"But the situation is as follows:· we took charge of this case a moment ago and we are not going to present any motion to suppress the evidence. What we want is that, if there is a search warrant, the same should be shown to us."

The court overruled the objection and the defense took an exception.

There was no error in the ruling of the lower court. The witness was not testifying as to the contents of the search warrant, but as to the steps taken by him and his fellow-officers by virtue of said warrant. If the search warrant was subject to any legal defect rendering inadmissible in evidence any article seized by the police at the time of the search, the objection should have been made before the trial. The objection in the case at bar came too late. *People* v. *Cerecedo,* 21 P.R.R. 52, 57; *People* v. *Lebrón,* 46 P.R.R. 569, 572; *People* v. *Santiago,* 55 D.P.R. 999; *People* v. *Semidey,* 56 P.R.R. 151; *People* v. *Adams,* 176 N.Y. 351; *State* v. *Turner,* 136 Am. St. Rep. 129, 135 *et seq; Weeks* v. *U. S.* 232

U.S. 383; Wigmore on Evidence, section 2183. Moreover, any error that might have been committed was cured by the statement of the defense that it did not intend to present a motion for suppression of the evidence and also by its express declaration, made at the time of the introduction in evidence of the revolver, that it had no objection to the admission thereof.

■ 2. That the lower court erred in refusing to strike from the record a supposed confession of the defendant, as his statements do not constitute a confession.

The policeman Aponte testified that he seized the revolver in the house of the defendant; that he asked the defendant whether the revolver had been registered and the defendant answered in the negative and said "that that revolver had been put in pawn at his house by a small negro" and that he did not know who was this small negro; that he did not know him. Counsel for the defense moved that the *confession* be striken out and the court denied the motion, stating as a reason therefor that the law does not punish the owner of the firearm but the possessor of the same, and that the defendant had admitted the possession when he stated that he had the revolver because another person had deposited it with him in pawn.

The evidence is sufficient to support the judgment appealed from, which should be affirmed.