EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AGUSTÍN HADDOCK, acusado y apelante.

Núm. 8466.—*Sometido:* Enero 24, 1941. *Resuelto:* Enero 28, 1941.

*José C. Aponte* y *Ubaldo Aponte,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Agustín Haddock fué acusado, convicto y sentenciado a seis meses de cárcel por infracción de los artículos 1, 7 y 10 de la Ley núm. 14 de 1936, enmendada por la número 95 de 1937, consistente en tener en su poder un arma de fuego o revólver sin haberlo declarado e identificado por escrito ante el Jefe de la Policía Insular del Distrito de Guayama, que es el distrito donde reside el acusado. Para sostener su recurso ante esta corte señala tres errores que a su juicio fueron cometidos por la corte sentenciadora. Los discutiremos brevemente, pues a nuestro juicio carecen en absoluto de méritos.

1. Se queja el apelante de que la corte inferior permitiese la declaración verbal de un policía sobre la expedición de una orden de allanamiento.

El incidente que motivó este señalamiento ocurrió como sigue:

Al declarar el policía Aponte que el 27 de octubre de 1939 él y otros dos policías fueron provistos de una orden de allanamiento a registrar la casa de Haddock, se opuso la defensa, alegando que debería presentarse la orden por ser ésta la mejor prueba. Contestó la corte que el testigo no estaba declarando sobre la orden, y continuó así el interrogatorio:

"Fiscal:

¿Provisto de esa orden, qué hizo Ud.?

R.—Llegamos a la casa de Agustín Haddock y registramos la casa.

"Defensa:

Nos vamos a oponer porque éste ha sido un registro con una orden de allanamiento y nosotros tenemos el derecho de ver la orden, a ver la legalidad de la orden.

"Fiscal:

"Si S. Sª. cree que la orden está mal dada . . .

"Juez:

Ésa es una cuestión para levantarla previamente al juicio.

"Defensa:

Pero la situación es la siguiente: nosotros nos hicimos cargo en este momento de este caso y nosotros no vamos a presentar ninguna moción para suprimir la evidencia. Nosotros queremos que, si hay una orden de allanamiento, que se nos muestre."

La corte declaró sin lugar la objeción y la defensa anotó su excepción.

No hubo error en la decisión de la corte inferior. El testigo no estaba declarando sobre el contenido de la orden de allanamiento y sí sobre las gestiones practicadas por él y sus compañeros a virtud de dicha orden. Si la orden de allanamiento adolecía de algún defecto legal que hacía inadmisible en evidencia cualquier objeto ocupado por la policía en el acto del registro, la objeción debió presentarse antes del juicio. La objeción en el caso de autos fué interpuesta tardíamente. *El Pueblo* v. *Cerecedo,* 21 D.P.R. 56, 61; *El Pueblo* v. *Lebrón,* 46 D.P.R. 588, 592; *El Pueblo* v. *Santiago,* 55 D.P.R. 999; *El Pueblo* v. *Semidey,* 56 D.P.R. 159; *People* v. *Adams,* 176 N. Y. 351; *State* v. *Turner,* 136 Am. St. Rep. 129, 135 *et seq.; Weeks* v. *U. S.,* 232 U. S. 383; *Wigmore* sobre Evidencia, artículo 2183. Además, el error que pudiera haberse cometido quedó subsanado por la manifestación de la defensa de que no tenía el propósito de presentar una moción para la supresión de la evidencia, y también por su manifestación expresa al ser ofrecido en evidencia el revólver de que no tenía objeción a su admisión.

▆▆▆ Que la corte inferior erró al negarse a eliminar del récord una supuesta confesión del acusado, ya que las manifestaciones del mismo no constituyen una confesión.

El policía Aponte declaró que él ocupó el revólver en casa del acusado; que le preguntó al acusado si el revólver estaba inscrito y el acusado le dijo que no, "que ese revólver se lo había empeñado un negrito en su casa" y que no sabía quién era el negrito, que no lo conocía. Pidió el abogado defensor que se eliminase *la confesión* y la corte la denegó, dando como razón la de que la ley no castiga al dueño del arma, sino al que la posee y que el acusado había admitido la posesión al decir que él tenía el revólver porque se lo había empeñado otra persona.

Las declaraciones eran admisibles en evidencia como admisiones del acusado. No fueron ofrecidas como una confesión del delito hecha por el acusado. No erró la corte inferior al denegar su eliminación.

*La prueba es suficiente para sostener la sentencia recurrida, la cual debe ser confirmada.*