EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN COSME RIVERA, acusado y apelante.

Núm. 8590.—*Sometido:* Marzo 4, 1941. *Resuelto:* Marzo 5, 1941.

*Gaspar Rivera Cestero y José Pablo Morales,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ramón Cosme Rivera fué sentenciado por la Corte de Distrito de Bayamón a cumplir seis meses de cárcel por una

infracción al artículo 7 de la Ley núm. 14 de 1936 ((2) pág. 129), y alega, como único fundamento de este recurso, que la corte sentenciadora cometió error al apreciar la prueba.

██ Hemos leído la transcripción de la evidencia y de ella resulta que para sostener la acusación declararon dos testigos, Blasina Pérez y Julio Maldonado. La primera es cuñada del acusado y el día de los hechos vió a su hermana, esposa del acusado, sacar un revólver de la gaveta de un tocador y que el acusado le dió cinco balas para cargarlo y entonces su hermana lo puso dentro de su cartera y salió con el acusado. Declaró, además, esta testigo, que el revólver era del acusado. (T. de E., pág. 2.)

El otro testigo, Julio Maldonado, declaró que conoce al acusado, que lo vió el 18 de febrero, y continuó diciendo:

"P.—¿Le vió algo en la mano?

"T.—El estaba en un callejón que hay para el frente de casa debajo de unos árboles *con una mujer* y sentí que disparaba él.

"P.—¿Quién?

"T.—Ramón.

"P.—¿Usted lo vió a él disparando?

"T.—*Sí señor*. Le dije: ¿Qué es eso Ramón? Y me dijo: 'estoy disparando este revolvito de balines para intimidar los que hay peleando.'" (Itálicas nuestras.)

En el contrainterrogatorio declaró que desde su casa al árbol donde estaba el acusado hay una distancia de diez o doce metros.

El acusado aceptó que no tenía ningún revólver inscrito de acuerdo con la ley.

La prueba de defensa consistió en la declaración del acusado y de Joaquín Berríos, Secretario de la Corte Municipal de Toa Alta, quien se limitó a identificar una sentencia dictada por dicha corte en contra de la testigo Blasina Pérez, por un delito de desacato por perjurio, en relación con un caso de portar armas contra el mismo acusado, y, declaró además, que dicha testigo había declarado que no había visto al acusado portando un revólver.

El acusado, en su declaración, negó que poseyera o portara un arma de fuego sin registrar ni que esa noche portara un revólver. Declaró, además, que esa noche debajo del árbol donde el testigo Julio Maldonado dijo que lo vió disparar, lo que hizo fué prender un fósforo para encender un cigarrillo, y que fué del balcón de la casa de Maldonado que salió un disparo.

En el caso de *El Pueblo* v. *Delerme,* 51 D.P.R. 519, se resolvió lo siguiente: (Copiamos del *syllabus.*)

"La declaración de un testigo de que el acusado hizo un disparo pero que no lo vió disparar, no siendo inconsistente con el hecho de que una persona cerca de otra—como se encontraban el testigo y el acusado en el momento del disparo—puede darse cuenta, por la detonación, que esa persona hizo un disparo, de ser creída, como en el caso de autos, es suficiente para sostener una convicción."

La prueba en el caso de autos fué contradictoria y el juez sentenciador dió crédito a la presentada por el fiscal, dirimiendo el conflicto en contra del acusado. Somos de opinión que la prueba de cargo, al ser creída por la corte, era suficiente para sostener la conclusión a que llegó, y no habiéndose demostrado que existiera pasión, prejuicio o parcialidad en la apreciación de la prueba, debe desestimarse el recurso.

*Se confirma la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.