EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SALVADOR LUGO FIGUEROA, acusado y apelante.

Núm. 8782.—*Sometido:* Junio 18, 1941. *Resuelto:* Junio 25, 1941.

*Carlos García Méndez,* abogado del apelante; *Hon. Procurador General Interino, Emilio de Aldrey* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ante la Corte de Distrito de Mayagüez el fiscal radicó una acusación que dice así:

"El fiscal formula acusación contra Salvador Lugo Figueroa, por un delito de infracción al artículo 7 de la ley núm. 14, aprobada en 8 de julio de 1936, y enmendada por ley núm. 95 de 1937, (*misdemeanor*), cometido de la manera siguiente:

"El referido acusado Salvador Lugo Figueroa, allá en o por el día 2 de abril de 1940, y en la calle San Blas, de Lajas, P. R., que forma parte del distrito judicial de Mayagüez, P. R., ilegal, voluntaria, maliciosa y criminalmente, con intención criminal obtuvo el dominio y la posesión de un arma de fuego que se describe de la manera siguiente: Un revólver marca S. & W. Ctge., Calibre 32

niquelado, cachas negras, serie número 217197, y no lo declaró inmediatamente así por escrito al Jefe de la Policía Insular de Lajas, P. R., que es el distrito donde reside el acusado, de acuerdo con el artículo 7 de la ley antes referida.''

Celebrado el juicio correspondiente el acusado fué declarado culpable y condenado a cumplir seis meses de cárcel y contra esa sentencia estableció el presente recurso y alega que la corte inferior cometió error al dictar sentencia en ausencia de prueba suficiente para sostener las alegaciones de la denuncia y al declarar culpable al acusado por el hecho de no haber exigido el recibo de la inscripción del revólver que le había sido llevado para ser arreglado.

██ Envuelven ambos un ataque a la suficiencia de la prueba presentada. El fiscal de esta corte resume la de El Pueblo así:

"Que el acusado era un armero profesional por mucho tiempo antes del suceso de autos, reconocido ese hecho por los mismos policías que ocuparon el arma; que el acusado apelante, al momento de ocupársele el arma, manifestó inmediatamente a la policía que no era de él sino que le fué entregada por Frank Jusino para ser reparada; que esas manifestaciones del acusado apelante fueron corroboradas por otro testigo que estaba presente cuando la entrega del arma por Jusino al acusado apelante; que el revólver ocupado estaba realmente inservible cuando fué ocupado y todavía cuando fué presentado a la corte. Y por último, que compareció a declarar Frank Jusino, la persona que se alega llevó el revólver a reparar, aunque negó que tal revólver fuera de él ni lo hubiera llevado a reparar.''

Y sostiene que esa prueba era suficiente para que la posesión del arma por el acusado fuera considerada como accidental y que, por tanto, debió ser absuelto.

La corte inferior al declarar culpable al acusado hizo constar que creía la prueba que demostraba que el revólver ocupado era de Francisco Jusino y que el acusado lo recibió en su carácter de armero para arreglarlo; pero consideró que por el hecho de no haber el acusado exigido a Jusino el recibo de la inscripción del revólver, técnicamente era culpable.

Nada hay en la ley núm. 14 aprobada el 8 de julio de 1936 (Leyes de 1936 (2) pág. 129), según fué enmendada por la ley núm. 95 de 1937 (Leyes de 1936–37, pág. 240), que justifique la conclusión a que llegó la corte inferior de que el acusado, como armero, debió exigirle el recibo de su inscripción a la persona que le llevó a arreglar el revólver.

Hemos examinado la transcripción de evidencia y estamos convencidos que la prueba practicada demuestra que efectivamente el acusado era reconocido durante muchos años como un armero en la ciudad de Lajas, y que al ser allanado su establecimiento en busca de una jugada de *boli pool* se encontró por la policía, entre otros efectos, el revólver dentro de un cajón, y que inmediatamente informó que Jusino se lo había llevado para arreglarlo; que el revólver aunque disparaba una vez, después no hacía más disparos, estaba defectuoso.

Dados los hechos concurrentes que existen en este caso, y aun cuando técnicamente podría considerarse al acusado responsable, somos de opinión que cualquier defecto que pueda existir en la ley en casos de esta naturaleza debería ser curado por acción legislativa y no por acción judicial imponiendo una sentencia de seis meses de cárcel a un acusado que por su oficio de armero obtuvo la posesión de un revólver, que puede considerarse accidental.

*Se revoca la sentencia apelada y se absuelve al acusado.*