EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JENARO BOSCH VÁZQUEZ, acusado y apelante.

Núm. 11741.—*Sometido:* Febrero 12, 1947. *Resuelto:* Febrero 24, 1947.

*E. Pérez Casalduc,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández y Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

A pesar de que el recurso de apelación en este caso se interpuso por el acusado el día *21 de diciembre de 1942* y que en el mismo no se solicitó la transcripción de la evidencia, no fué hasta cerca de cuatro años después, o sea, el *27 de noviembre de 1946,* que el secretario de la Corte de Distrito de Arecibo remitió al secretario de esta Corte Suprema el legajo de la sentencia. Como no se trata de un caso aislado en que esto haya ocurrido, deseamos hacer constar el hecho para censurarlo, ya que la indebida e injustificada dilación apuntada constituye una abierta violación del artículo 356 del Código de Enjuiciamiento Criminal que impone al secretario de

la corte de distrito el deber de remitir al secretario de esta Corte dicho legajo dentro del término de treinta días de haberse registrado en la causa el escrito de apelación. Pasemos a considerar el caso en sus méritos.

■ El día 2 de abril de 1941 el fiscal de la corte inferior radicó acusación contra Jenaro Bosch Vázquez por una infracción al artículo 7 de la Ley número 14 de 1936 ((2) pág. 129) sobre registro de armas. Leída la acusación el 14 de abril el acusado hizo alegación de inocente. Señalado el caso para ser visto el 18 de julio el acusado, por su propio derecho, solicitó por escrito la suspensión por estar enfermo y renunció a todo término de prescripción. El día 21 de julio de 1941 el fiscal solicitó permiso para radicar una acusación enmendada, la cual acompañó a su moción y el día siguiente la corte la admitió ordenando fuera notificada al acusado, lo que hizo el secretario. La acusación enmendada se hizo para curar el defecto en la acusación original de no haberse alegado la residencia del acusado en el distrito de Arecibo donde se alegaba se había cometido el delito.

El 2 de mayo de 1942 el acusado, por conducto de su abogado, solicitó que se eliminara la acusación enmendada o que se ordenara el archivo y sobreseimiento del caso por haber transcurrido más de sesenta días desde la fecha de su arresto hasta la fecha en que se radicó la acusación enmendada y el 11 de mayo, oídas las partes, la corte desestimó dicha moción. Ese mismo día se leyó la acusación enmendada al acusado y éste hizo alegación de inocente.

El 28 de noviembre de 1942 el acusado, por su abogado, radicó otra moción solicitando el archivo del caso por haber transcurrido con exceso los 120 días que señala el artículo 448 del Código de Enjuiciamiento Criminal y el día primero de diciembre de 1942 se discutió esta moción y el fiscal presentó como única prueba para justificar que había justa causa para no haberse celebrado el juicio dentro de los 120 días, la moción del acusado solicitando la suspensión del juicio bajo la acusación original y en la cual renunció a todo tér-

mino de prescripción y la corte, por dicho motivo, desestimó la moción del acusado y celebrado el juicio lo declaró culpable y lo sentenció a pagar una multa de $50 o en su defecto a cumplir un día de cárcel por cada dólar que dejara de pagar, más las costas. El acusado apeló.

En este recurso sostiene que la corte sentenciadora erró al denegar sus dos mociones de archivo y sobreseimiento. Bastará considerar la segunda que se refiere al inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal.

Como hemos dicho, la corte inferior basó su resolución denegatoria en el hecho probado, por el fiscal, de que el acusado había solicitado la suspensión del juicio, bajo la acusación original, renunciando a todo término de prescripción. Esto es cierto, pero también lo es, que la acusación original no imputaba un delito público ya que en ella no se alegó que el acusado residía en el distrito policíaco de Arecibo en que se alegó poseía el arma sin registrar y en el caso de *Pueblo* v. *Díaz,* 55 D.P.R. 629, resolvimos, copiando del sumario, que "La residencia del poseedor voluntario e ilegal de un arma no inscrita dentro del municipio o distrito policíaco en que la misma se posee, es un elemento esencial del delito provisto en el artículo 7 de la Ley núm. 14 de 1936 ((2) pág. 129) que debe alegarse y probarse por El Pueblo," y que la acusación no imputaba un delito público y revocamos la sentencia. Al mismo efecto véanse los casos de *Pueblo* v. *Pérez Peña,* 59 D.P.R. 449, y *Pueblo* v. *Rodríguez,* 60 D.P.R. 958.

Dándose cuenta de este hecho fué que el fiscal en este caso radicó, con permiso de la corte, una acusación enmendada conteniendo la alegación esencial en cuanto a la residencia del acusado. Esta acusación enmendada sustituyó a la original defectuosa desde el 22 de julio de 1941 y no se dió lectura de la misma al acusado hasta el 11 de mayo de 1942 y, no habiéndose señalado el caso para junio, el acusado el 28 de noviembre solicitó el archivo.

La suspensión del juicio solicitada por el acusado bajo la acusación original que no le imputaba la comisión de

un delito público y su renuncia a un juicio rápido bajo la misma, no pudo tener el efecto de una renuncia al término prescriptivo del artículo 448 bajo la acusación enmendada que por primera vez le imputó un delito. Desde que se radicó la acusación enmendada el 22 de julio de 1941 hasta la fecha en que se radicó la moción de archivo, el 28 de noviembre de 1942 y a la de la celebración del juicio el primero de diciembre de 1942, transcurrió más de un año y cuatro meses, sin que el fiscal presentara prueba alguna para demostrar que existió justa causa para la inusitada dilación. Se limitó a presentar el récord del caso para demostrar que el acusado había solicitado la suspensión y renunciado a todo término de prescripción bajo la acusación original. Esto no constituye una renuncia a su derecho a un juicio rápido bajo la acusación enmendada. Debió, por tanto, la corte inferior ordenar el archivo del caso ya que cuando no se demuestra justa causa para la no celebración del juicio dentro de los 120 días, la corte carece en absoluto de discreción y está obligada a decretar perentoriamente el sobreseimiento de la causa. *Dyer* v. *Rossy,* 23 D.P.R. 772; *Pueblo* v. *Olmeda,* 55 D.P.R. 872; *Pueblo* v. *Díaz,* 60 D.P.R. 540.

*Por lo expuesto, procede la revocación de la sentencia apelada y sobrescerse la causa.*