EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARTÍN ALVAREZ, acusado y apelante.

Núm. 11911.—*Sometido:* Abril 1, 1947. *Resuelto:* Abril 30, 1947.

274

Pedro Santos Borges, abogado del apelante; *Hon. Procurador Gene-*
*ral Interino Luis Negrón Fernández, y Joaquín Correa Suárez,*
*Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo,
apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del
tribunal.

Antes de entrar a considerar este recurso en sus méritos
debemos hacer constar los siguientes hechos:

El escrito de apelación se radicó en la corte inferior el
día *30 de julio de 1943* y la transcripción de la evidencia fué
aprobada por el juez el día *30 de marzo de 1944.* Dos años

y diez meses después, o sea, el *7 de enero de 1947,* es que el Secretario de la corte inferior remite a este Tribunal Supremo el legajo de la sentencia y la transcripción de la evidencia, los cuales quedaron radicados el día *9 de enero de 1947.*

Censuramos una situación similar ocurrida en el caso de *El Pueblo* v. *Jenaro Bosch Vázquez,* 66 D.P.R. 949, procedente de la misma corte. De nuevo llamamos la atención de los secretarios de las cortes inferiores hacia el deber en que están de dar cumplimiento a las disposiciones del artículo 356 del Código de Enjuiciamiento Criminal. Creemos, además, que el Procurador General podría sugerir a los jueces de distrito que exijan de dichos secretarios les informen mensualmente el estado en que se encuentran los recursos de apelación pendientes de tramitación para así evitar la dilación inexplicable y negligente[1] que demuestran los hechos anteriormente expuestos, y asimismo exigir de los fiscales de distrito que estén alertas de que se cumpla con los términos señalados por el artículo 356, supra, para así poder informar al fiscal de este Tribunal aquellos casos en que proceda solicitar la desestimación.

Pasamos a resolver el caso en su fondo.

■ Se trata de un caso de abandono de menores en el cual el acusado se declaró culpable ante la corte inferior y fué sentenciado el 6 de diciembre de 1942 a cumplir seis meses de cárcel, suspendiéndose la ejecución de dicha sentencia siempre que el acusado depositara la suma de ocho dólares semanalmente en la Corte Municipal de Manatí a nombre de Dolores Pastrana y como alimentos para tres hijos ilegítimos menores de edad.

El 12 de julio de 1943 el fiscal radicó una moción en la corte inferior solicitando se citara al acusado a "mostrar las causas por las cuales no debe ser ingresado a cumplir la

[1] Especialmente es esto así en un caso como el presente en el cual la Transcripción de Evidencia sólo consta de 17 páginas y el Legajo de la Sentencia de siete.

sentencia dictada con fecha 6 de diciembre de 1942," por el hecho de no haber depositado en la corte municipal la suma completa correspondiente a tres semanas de alimentos—ya que adeudaba nueve dólares—y que además el acusado no había cumplido con la sentencia en la forma en que fué dictada.

En la vista celebrada la madre de los menores declaró que el acusado le mandaba el semanal a su casa y después se atrasó dos y media semanas y luego le mandó once pesos y dejó nueve atrasados; que no quería depositar el semanal en la corte sino mandarlo a su casa; que ella iba a la corte todas las semanas y no encontraba el dinero allí; que él le mandaba el dinero en cheques pero nunca la cantidad exacta; que días antes de la vista le adeudaba veinticinco pesos, pero se los llevó a la corte y el día antes se los entregaron; que en el momento de celebrarse la vista no le adeudaba nada.

El acusado declaró que había satisfecho todos los semanales adeudados; que no depositaba el dinero en la corte porque muchas veces estaba ocupado y lo mandaba con su hijo a la casa; que otras veces encontraba la corte cerrada y le mandaba un giro postal y ella siempre cambiaba los cheques o giros; que nunca ha dejado de pasarle lo que la sentencia disponía; que muchas veces se tardaba un poco porque el dinero no venía a tiempo pero luego le mandaba doble cantidad pero nunca ha dejado de pasarle.

Al terminar esta prueba la defensa solicitó "la absolución" del acusado por entender que fundamentalmente había cumplido con los términos de la sentencia y el fiscal se allanó a dicha petición "por considerar que con ello se beneficia a los menores." Esto no obstante la corte inmediatamente dictó una resolución en corte abierta que, en lo pertinente, dice así:

"Por el hecho de que el bienestar de esos menores deba prevalecer, la Corte no va a dejar en suspenso la sentencia tal como la dictó el Juez Agraít Aldea, en su totalidad, pero la Corte le va a imponer siete días de cárcel, al término de los cuales se suspen-

derá la ejecución de la sentencia mientras siga cumpliendo con la sentencia dictada el 6 de noviembre de 1942 por el Juez Agraít Aldea. Usted ingresará a cumplir siete días de cárcel y se suspenderán los efectos de la sentencia de seis meses mientras siga cumpliendo con la sentencia dictada el 6 de noviembre de 1942 por el Juez en propiedad Agraít Aldea.''

Aparece, además, en el récord una resolución dictada por la corte el mismo día de la vista que, en lo pertinente, dispone lo siguiente:

''El bienestar de los menores en este caso quedaría lesionado si se ordenase que el acusado ingresase en la cárcel a cumplir con los efectos de la ameritada sentencia de seis meses. No obstante, la conducta del acusado, de acuerdo con el récord de este caso, y por la actitud y gestos de él durante la vista, imponen a este juzgador la obligación de dictaminar, como por la presente dictamina, que de la sentencia de seis meses de cárcel que está suspendida, el acusado cumpla siete días de cárcel, al término de los cuales se suspenderá nuevamente el resto de la sentencia ya dictada de seis meses, siempre que el acusado siga depositando para sus hijos menores y a nombre de la señora Dolores Pastrana la suma de ocho dólares semanales en la Corte Municipal de Manatí.

''Si el acusado dejase de depositar de acuerdo con la sentencia dicha suma de dinero, ingresará nuevamente en la cárcel a cumplir con el resto de la sentencia.

''Esta resolución se dicta de acuerdo con el espíritu del artículo 263 del Código Penal y la Ley número 108 aprobada en 30 de abril de 1940, que disponen que el Juez podrá dejar en suspenso la sentencia bajo las condiciones que tuviera a bien imponer, en bienestar de los menores abandonados.''

El acusado apeló y alega que la corte inferior erró, 1ro., en la apreciación de la prueba; 2do., al imponerle siete días de cárcel al acusado en un procedimiento en que sólo podía ventilarse si se debía o no dejar la sentencia firme de seis meses en suspenso, y 3ro., al ordenar la ejecución de la sentencia ''por parte y en distintos términos (by piecemeal).''

El primer error no fué cometido. La prueba demostró que, si bien el día de la vista el acusado ya había satisfecho lo que adeudaba a la demandante, no había cumplido con los

términos de la sentencia depositando los ocho dólares semanalmente en la corte municipal.

La única cuestión importante a resolver es la levantada en los señalamiento segundo y tercero, es decir, si la corte inferior tenía poder el 30 de julio de 1943 para disponer que el acusado cumpliera siete días de la sentencia suspendida de seis meses dictada el 6 de diciembre de 1942 y de nuevo suspender la ejecución del resto de dicha sentencia una vez cumplidos los siete días por el acusado.

El fiscal de esta Corte se ha allanado a la revocación solicitada, bajo la autoridad de los casos de *Roberts* v. *United States,* 320 U. S. 264; *United States* v. *Murray,* 275 U. S. 347, y *United States* v. *Wittmeyer,* 16 F. Supp. 1000.

No tenemos duda de que si la corte inferior hubiera citado al acusado para responder de un delito de desacato por incumplimiento de una orden o sentencia sobre alimentos la sentencia de siete días de cárcel sería correcta. Aparentemente la corte inferior al dictar su primera resolución en corte abierta actuó como si de un caso de desacato se tratara, pues dijo: " . . . Usted ingresará a cumplir siete días de cárcel y se suspenderán los efectos de la sentencia de seis meses mientras siga cumpliendo con la sentencia dictada el 6 de noviembre de 1942 . . ." Empero, en la resolución escrita que archivó el mismo día lo que dijo fué: " . . . que de la sentencia de seis meses de cárcel que está suspendida, el acusado cumpla siete días de cárcel, al término de los cuales se suspenderá nuevamente *el resto* de la sentencia ya dictada de seis meses . . ."

La corte inferior basó su resolución en el artículo 263 del Código Penal que en su disponiéndose dice que " . . . cuando se denuncia a una persona bajo las disposiciones de este artículo y fuere sentenciada, la corte podrá dejar en suspenso la ejecución de la sentencia bajo las condiciones que tenga a bien imponer para bienestar del niño." Al mismo efecto véase la sección 6 de la Ley número 108 de abril 30 de 1940 (pág. 673).

La facultad que estas disposiciones legales conceden a las cortes fué ejercida por la inferior al dictar sentencia el 6 de diciembre de 1942 condenando al acusado a cumplir seis meses de cárcel e inmediatamente suspendiendo la ejecución de dicha sentencia mientras el acusado pasara a sus hijos ilegítimos ocho dólares semanales. No dice el artículo 263, ni la Ley número 108, supra, que las cortes pueden variar los términos de las sentencias ya dictadas o disponer en el futuro que podrán cumplirse en parte. Se limita la facultad concedida a ''dejar en suspenso la ejecución de la sentencia bajo los términos que tenga a bien imponer para bienestar del niño.'' La sentencia en este caso fué de seis meses. Su ejecución se suspendió, para así beneficiar a los hijos del acusado, mientras éste les pasara ocho dólares semanales. Si en la vista de la moción se demostró que el acusado no cumplió con los términos de la suspensión procedía que la corte dejara sin efecto dicha suspensión o si creyó que, aun no habiendo cumplido estrictamente con las condiciones impuestas, el bienestar de los niños exigía que se diera una nueva oportunidad al acusado, pudo haber continuado los efectos de la suspensión bajo las mismas u otras condiciones, según lo justificara la prueba.

Es cierto que en el caso de *Pueblo* v. *Carbone,* 59 D.P.R. 610, resolvimos que '' . . . las cortes inferiores tienen amplia facultad para reconsiderar sus sentencias, antes de que sean ejecutadas, bien a moción de parte o *motu proprio,* para ajustarlas a la ley, tanto para corregir un error en que hayan podido incurrir al imponerlas, como para ajustarlas a cualquier situación de hechos que sean debidamente probados por una u otra parte.'' Pero ésta no es la situación en el caso de autos. La corte no reconsideró la sentencia dictada para imponer una pena de siete días en lugar de los seis meses sino que sostuvo la sentencia original y ordenó que fuera ejecutada en cuanto a un plazo de siete días. No encontramos que tuviera autorización en ley para hacer esto.

Dado el tiempo transcurrido desde que se· dictó la resolución apelada—30 de julio de 1943—y no estando en condiciones de poder determinar si la corte inferior, dadas las circunstancias concurrentes demostradas por la prueba, hubiera ordenado la ejecución de la sentencia de seis meses (su intención al ordenar la ejecución por siete días fué el no hacerlo) y desconociendo, además, cuál es la situación prevaleciente ahora, ·casi cuatro años después, somos de opinión que *lo que procede es dejar sin efecto la resolución apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*