EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MARTÍNEZ SERRANO, acusado y apelante.

Núm. 12406.—*Sometido:* Noviembre 6, 1947.   *Resuelto:* Diciembre 4, 1947.

*Benigno Dávila,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras* y *Alberto Picó Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Juan Martínez Serrano fué convicto por la Corte de Distrito de Bayamón por no tener inscrita un arma de fuego y sentenciado a pagar una multa de $75 ó en su defecto a sufrir un día de cárcel por cada dólar que dejare de satisfacer. Véase la Ley 14 de 8 de julio de 1936, Tercera Legislatura Extraordinaria, página 129, según fué enmendada por las Leyes núms. 95 de 12 de mayo de 1937, pág. 240, y 78 de 5 de mayo de 1942, pág. 615. De dicha sentencia ha apelado para ante este Tribunal y en el alegato radicado en apoyo de su recurso señala cinco errores. Discutiremos éstos en el orden en que han sido expuestos.

Sostiene en primer lugar el acusado que la corte inferior erró al procesar y condenar por el delito de desacato por perjurio a Cruz Rodríguez Molina, uno de los testigos de El Pueblo. No es menester discutir este señalamiento. De los autos surge que mientras ese testigo declaraba la corte llegó a la conclusión de que éste había faltado a la verdad sobre hechos esenciales. Con tal motivo dictó una orden decretando su arresto y ordenando que compareciera tres días más tarde a explicar las razones por las cuales no debía ser castigado por desacato.[1] El día señalado compareció Cruz Rodríguez Molina, acompañado de su abogado, y se declaró culpable del delito imputádole, sentenciándole la corte a pagar una multa de $30. Si bien este incidente surgió dentro del proceso por infracción a la Ley Sobre Registro de Armas de Fuego seguido contra el aquí apelante, el mismo resulta ser un caso completamente separado, ajeno e independiente del que está ante nos. *Pueblo v. Corretjer,* 58 D.P.R. 43, 48. Y si Rodríguez Molina no estuvo conforme con la sen-

[1]Véase la Ley 41 de 9 de marzo de 1911 (pág. 136).

tencia dictada, fácilmente pudo acogerse a la apelación concedida por la ley. *Pueblo* v. *Aquino*, 33 D.P.R. 255.(²)

Como segundo error señala el apelante que la corte de distrito erró "al apreciar la prueba condenando al apelante por infracción a la Ley sobre Registro de Armas, cuando de la prueba misma aparece claramente que estuvo justificado en no registrar el arma porque el arma tenía que registrarse en el Distrito donde residía el acusado, o sea en Corozal, la adquirió el mismo día en que fué procesado, adquirió el arma fuera del Distrito, no llegó a Corozal hasta la 1:30 ó 2 de la tarde, era un día sábado por la tarde cuando las autoridades y funcionarios de El Pueblo de Puerto Rico no están accesibles, y si no registró el arma fué porque los funcionarios no se la registraron, no porque el apelante no hiciese gestiones para registrarla."

La contención del apelante es que la mañana del día a que se hace referencia en la acusación él estaba en Isla Verde (Carolina) y allí adquirió una pistola, trasladándose a su casa en Corozal, donde llegó poco después del mediodía; que inmediatamente su señora madre empezó a prepararle almuerzo y que mientras esto ocurría él bajó al patio de su casa con el propósito de probar el arma, pero que una vez allí la pistola se le zafó, salió un tiro e hirió accidentalmente a Margarita Rivera; y que si no inscribió el arma fué porque no tuvo materialmente tiempo para ello.(³) Su contención es, por tanto, que su posesión del arma fué accidental y que no debe, por ende, castigársele. *Cf. Pueblo* v. *Lugo*, 59 D.P.R. 34.

No hay duda de que hubo conflicto no sólo entre la prueba de El Pueblo y la de la defensa, sino en la prueba de El Pue-

---

(²)Discutiendo este error el propio apelante nos dice: "No sabemos a ciencia cierta si este incidente debe discutirse, ya que no afecta en forma alguna el curso del procedimiento en la corte inferior, ni lo afecta en este Hon. Tribunal . . . ."

(³)También se acusó a Martínez Serrano de acometimiento y agresión y de portar armas. El primer delito fué transigido de conformidad con el artículo 446 del Código de Enjuiciamiento Criminal y del segundo la Corte de Distrito de Bayamón le absolvió.

blo en sí. Veamos: de la declaración jurada suscrita por el acusado ante Consuelo Rodríguez, Juez de Paz de Corozal, se desprende que cuando se le denunció ya hacía unos días que él había *comprado* la pistola por cuya no inscripción se le procesaba, a un individuo que no conocía, en Isla Verde. También, que estando el acusado en el sitio indicado se encontró con un amigo suyo, cuyo nombre no recuerda; que éste le manifestó, que "estaba un poco bruja" y que no tenía dinero para ir a Ponce, pero que tenía una pistola que le podía dejar; que él le dió $5 y que como ése era un *empeño* que su amigo le hizo, él se la llevó para su casa. No obstante, del testimonio de la citada Juez de Paz, ante quien se tomó la declaración escrita firmada por el apelante el día de su arresto, se infiere que éste le dijo a ella al momento de declarar que el arma la había adquirido ese mismo día. Andrés Ramos Fernández, Jefe de la Policía Insular, que fué la persona que escribió a máquina la declaración jurada prestada por Martínez Serrano el día que se le arrestó, no corrobora, sin embargo, a Consuelo Rodríguez en el sentido de que el acusado había dicho que compró el arma aquel mismo día, e insiste en que el acusado Martínez Serrano nada le dijo sobre la inscripción del arma. De todos modos, la corte inferior apreció la prueba que desfiló ante sí y no habiéndosenos demostrado que al así hacerlo actuara movida por pasión, prejuicio o parcialidad no debemos alterar sus conclusiones. *Pueblo v. Santos,* ante, pág. 650; *Pueblo* v. *Soto,* 61 D.P.R. 516; y *Pueblo* v. *Rivera,* 58 D.P.R. 181.

Además, el acusado francamente admitió estar en posesión de una pistola sin registrar, y hemos resuelto que cuando hay una demostración prima facie de la posesión de un arma de fuego sin registrar, no debe revocarse la sentencia, especialmente cuando la prueba del acusado no es creída por la corte *a quo. Pueblo* v. *Soto,* supra; *Pueblo* v. *Haddock,* 57 D.P.R. 924 y *Pueblo* v. *Villarrubia,* 54 D.P.R. 346.

Como tercer señalamiento alega el apelante que la corte de distrito cometió error al admitir sin condiciones la

declaración jurada del apelante ante la Juez de Paz de Corozal "cuando de la misma prueba aparece que dicha declaración jurada o confesión no es ni fué una relación fiel y exacta de lo que en realidad declaró el acusado ante la Juez de Paz de Corozal." De los autos del caso surge que la declaración jurada no fué una transcripción literal de lo que el acusado dijo a la Juez de Paz. Pero ella manifestó que no puso en la declaración nada que el acusado no le hubiera dicho; que la declaración se le leyó al acusado, a pesar de que éste sabía leer; que éste estuvo conforme con su contenido y que luego la firmó.

El acusado no se opuso a que la declaración escrita fuera admitida en evidencia. Dijo, por el contrario, que no objetaba a su admisión, pero que debía admitirse condicionada y que no era una relación correcta de lo declarado ante la Juez de Paz. No sabemos en realidad cuál fué la condición, mas para que una declaración jurada sea admitida en evidencia no es indispensable que la misma sea una copia *verbatim* de lo dicho por un acusado. Basta que contenga lo esencial de lo que el testigo ha manifestado y que haya sido prestada voluntariamente. *Pueblo* v. *Lebrón*, 61 D.P.R. 657, 672.

El cuarto señalamiento puede considerarse como una secuela del segundo. Sostiene ahora el acusado que la corte inferior cometió error al no concederle el beneficio de la duda razonable, toda vez que de la prueba aparece claramente que existe tal duda en cuanto a la residencia del acusado, si era San Juan o Corozal.

Este señalamiento se dirige igualmente a la apreciación de la prueba y lo dicho por nosotros en relación con el segundo error alegado es aplicable al que aquí discutimos. Además, es bueno hacer constar que Consuelo Rodríguez y Margarita Rivera declararon que el acusado residía en el Barrio Palmarejo, de Corozal, y que éste reiteradamente manifestó que ésa era su residencia. (Véanse las páginas 15, 22 y 25 de la transcripción de evidencia.) Bajo estas condi-

ciones, no vemos cómo podía la corte tener dudas sobre la residencia del apelante.

█ Finalmente insiste el acusado en que la corte inferior erró al castigarle bajo un estatuto inconstitucional. Al discutir este señalamiento el apelante ataca la validez de la sección 10 de la Ley 14 de 1936, por ser la misma, a su juicio, incierta e indefinida. Esa sección, según fué enmendada por la Ley 78 de 1942, supra, provee en lo esencial, que "las infracciones a las disposiciones de esta Ley serán consideradas como delito menos grave (*misdemeanor*). . . . . ." No vemos en verdad cómo una disposición de esta naturaleza puede considerarse inconstitucional. El argumento principal aducido, al efecto de que debió concederse un término razonable para la inscripción de un arma de reciente adquisición, ha sido contestado plenamente por este Tribunal al referirse a los ataques hechos a la constitucionalidad de la sección 7 de la misma ley. *Pueblo* v. *Sánchez,* 55 D.P.R. 940, y *Pueblo* v. *Avilés,* 54 D.P.R. 272.

*No habiéndose cometido ninguno de los errores señalados por el apelante procede confirmarse la sentencia apelada.*