El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis Blanco González, acusado y apelante.

Núms. 13295 y 13296.—*Sometidos:* Junio 11, 1948. *Resueltos:* Junio 15, 1948.

---

*Ramón G. Goyco,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

De las sentencias condenándole a sufrir un mes de cárcel y a pagar $50 de multa, por los delitos de portar armas e infracción a la Ley sobre Registro de Armas, respectivamente, dictadas por la Corte de Distrito de Ponce apela el acusado. Sostiene que la referida corte cometió error al condenarle por no inscribir el revólver Harrington & Richardson número 191664, cuando al presentarse dicha arma en evidencia por el fiscal la corte denegó y rechazó su admisión; así como al apreciar la prueba en ambos casos.

Dados los anteriores señalamientos, nos parece pertinente hacer una ligera relación de la prueba. Ésta fué en síntesis así: Olegario Rosa estaba durmiendo entre 10 ó 10:15 de la noche y al despertarse notó que estaba herido, pero no sabe quién lo hirió. Roque Colón se hallaba en su casa y oyó unos disparos. Se despertó y vió cuando dos perros que tenía en el corral le ladraron al acusado y éste cogió un revólver blanco y les entró a tiros. El acusado reside en la Calle Guayama, de Santa Isabel. Más tarde vió cuando el policía Martínez halló un revólver en una cepa

de cañas. Domingo Rivera y Gregorio Almódovar oyeron los disparos, pero no saben quién los hizo. Alfonso Rosa es padre del herido y notó en las paredes de su casa el agujero dejado por el impacto de una bala. Carlos Guadalupe es Jefe de la Policía Insular en Santa Isabel; sintió los disparos y vió cuando el policía Armando Martínez trajo arrestado al acusado; notó que la mano derecha de éste olía a pólvora; le entregaron un revólver niquelado, calibre 38, marca Harrington & Richardson y examinó el récord de las armas de fuego correspondiente al indicado municipio y notó que Blanco González no tiene allí ningún arma inscrita a su nombre. Rafael Burgos Rivera era Juez de Paz de Santa Isabel para la fecha en que ocurrieron los hechos y nada sabe de los envueltos en el caso. Hasta ahí la prueba del fiscal. La del acusado consistió en el testimonio de Roque Colón y Alfonso Rosa, quienes ya habían declarado como testigos de cargo. El primero manifestó que estuvo en el Cuartel de la Policía la noche en que ocurrieron los hechos, que Alfonso Rosa también estuvo allí y que no dijo a éste quién había herido a Olegario. El segundo, que llevó a su hijo al hospital y a su regreso Roque Colón le dijo que un tal Bueso le había disparado a sus perros, y que al acusado le dicen Bueso.

La corte apreció la prueba aducida y concluyó que ambos delitos habían quedado probados. El hecho de que no se admitiera el arma en evidencia no impedía que se condenara al acusado por portar armas, si como resultado de la prueba ofrecida la corte llegó a la conclusión de que el aquí apelante la portaba ilegalmente. *Pueblo* v. *De Jesús*, 65 D.P.R. 932. En lo que a la infracción a la Ley de Registro de Armas concierne, la circunstancia de que uno de los testigos de El Pueblo hiciera referencia a un revólver de determinada marca y de que por no haberse hecho la debida identificación del mismo la corte a quo no lo admitiera en evidencia no desempeña papel de significación. Al ape-

lante se le procesaba por tener en su poder un revólver sin haberlo declarado en ningún momento al Jefe de la Policía Insular de Santa Isabel, pueblo donde residía. Nada se dice en la acusación sobre la marca o el número del revólver no siendo, por tanto, necesario probar esos extremos.

El caso de *Pueblo* v. *Piñero,* ante, pág. 609, envolvía una infracción a la Ley de Registro de Armas. La pistola por cuya portación ilegal y falta de registro se procesaba al acusado no fué acupada, ni por ende ofrecida en evidencia. Hubo conflicto en la prueba y la corte inferior lo dirimió. Este Tribunal manifestó en el curso de su opinión que "al dirimir el conflicto en la forma en que el tribunal inferior lo hizo, quedaron probadas la posesión del arma y la no inscripción de la misma." En *Pueblo* v. *Martínez,* 67 D.P.R. 858, estuvo envuelta asimismo la no inscripción de una pistola. Se resolvió que la médula del delito la constituye la posesión del arma y el dejar de declararla por escrito al Jefe de la Policía del Municipio donde reside el acusado, y que cuando la prueba demuestra la posesión *prima facie* de un arma de fuego sin registrar la sentencia no debe ser revocada, especialmente cuando la del acusado no es creída por la corte a quo. No era, en su consecuencia, indispensable que se presentara y admitiera el revólver en evidencia para que la corte inferior pudiera declarar al acusado culpable de los delitos de portar armas e infracción a la ley sobre registro de armas.

Por otra parte, la residencia del acusado en el pueblo de Santa Isabel y el hecho de no tener ningún arma inscrita en dicho municipio quedaron plenamente probados. Ambos son elementos esenciales del delito de no inscripción de armas de fuego. *Pueblo* v. *Bosch,* 66 D.P.R. 949; *Pueblo* v. *Alvarado,* 63 D.P.R. 649 y casos en ellos citados.

La apreciación de la prueba descansa siempre en la sana discreción de la corte sentenciadora. Ella está en mejor posición que nosotros para juzgar el crédito que debe

merecerle cada uno de los testigos presentados. La corte de distrito estuvo justificada en su apreciación y al llegar a la conclusión a que llegó. No debemos, por ende, alterar tal apreciación o conclusión. *Pueblo* v. *Santos,* 67 D.P.R. 650 y *Pueblo* v. *Martínez,* supra.

*No habiéndose cometido los errores señalados, las sentencias apeladas deben ser confirmadas.*

El Juez Asociado Sr. De Jesús no intervino.